**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Todd Neal DIERSCHKE, Appellee.**

**No. 03–96–00296–CV.**

Court of Appeals of Texas, Austin.

Sept. 18, 1997.

Shannon M. Fitzpatrick, Asst. Gen. Counsel, Barbara Lynn Hawley, Asst. County Atty., Austin, for Appellant.

John V. Elick, Bellville, for Appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

## PER CURIAM.

This appeal arises from the suspension of appellee's, Todd Neal Dierschke's, driver's license for driving while intoxicated pursuant to the Administrative License Revocation (the "ALR") program, Act of June 19, 1993, 73d Leg., R.S., ch. 886, § 1, 1993, Tex. Gen. Laws 3515 (now codified as Tex. Transp. Code Ann § 524.011(West 1997)). The administrative court denied the petition of appellant, the Texas Department of Public Safety (the "Department") to suspend appellee's driver's license and the Department appealed to the district court. The court denied jurisdiction and dismissed the appeal. We will affirm the judgment of the district court.[1]

## BACKGROUND

Pursuant to Texas Transportation Code Annotated section 524.011, Dierschke was served with a notice of suspension of his driver's license in Austin County, Texas. The Code provides that, upon being served with notice of the license suspension, the person who receives notice may request a hearing. Tex. Transp. Code Ann. § 524.041. Appellee requested such a hearing. The hearing was held on April 19, 1995, before a State Office of Administrative Hearings (SOAH), administrative law judge in Bryan, Brazos County, Texas. All parties were present at the hearing. As the Department proceeded with its case, it attempted to meet its burden of proof by introducing the Bellview Police Department's DIC–23 Probable Cause Affidavit which was written on the back of the police department's DIC 24–Police Officer's Statutory Warning. The Department did not present any live testimony or other documentary proof.

Counsel for Dierschke objected to the arresting officer's written statement within the affidavit and asserted (1) that the officer's statement was written in outline form rather than in sentences; (2) that the words written by the officer were not statements of fact; and (3) that the words written by the officer could be construed in more than one way. Although the Department provided respons-

---

1. This cause was submitted on briefs. Although Dierschke requested and was granted an exten- sion of time to file his brief before this Court, he failed to submit a brief for our consideration.

es to each of these contentions, the administrative law judge sustained the objection and ruled that the police department's probable cause affidavit was insufficient. The Department's petition to suspend appellee's driver's license was denied and the Department appealed to the 201st Judicial District Court, Travis County, Texas. The district court, on its own motion, denied jurisdiction and dismissed the appeal. It is from this order of the district court that the Department appeals.

The Department asserts that the district court erred as a matter of law by dismissing the appeal for want of jurisdiction. The Department urges (1) that the plain language of chapter 524 of the Texas Transportation Code when read in tandem with Texas Government Code Annotated section 2001.176(b)(1) (West 1997), vests jurisdiction in the district courts of Travis County for all appeals brought by the Department; (2) that the principles of statutory construction together with relevant case law support jurisdiction being vested in the district courts of Travis County for all administrative driver's license revocation appeals brought by the Department pursuant to chapter 524; and (3) that the legislative intent underlying the enactment of the Administrative Revocation statutes will be more effectively served by having jurisdiction of all appeals by the Department on questions of law lie in the district courts of Travis County.

### STANDARD OF REVIEW

■ The issue presented by this appeal is one of statutory construction. Chapter 524 of the Transportation Code does not specifically prescribe the court of jurisdiction for appeals brought by the Department from administrative decisions. The Department has directed this Court to cases construing the jurisdictional provisions of section 2001.176(b) of the Texas Government Code Annotated, as the fall-back jurisdictional provision for chapter 524. It is our duty to construe and give effect to the legislature's intentions. The construction to be given to a statute or code is a question of law. *Wilburn v. State,* 824 S.W.2d 755, 759 (Tex.App.—Austin 1992, no writ); *Johnson v. City of*

*Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). Where the cause of action and remedy for its enforcement are derived from statute, the statutory provisions must be complied with in all respects. *Landbase, Inc. v. Texas Emplyt. Comm'n,* 885 S.W.2d 499, 501 (Tex. App.—San Antonio 1994, no writ) citing *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926).

### ANALYSIS

We begin our analysis by considering the language of Texas Transportation Code Annotated Chapter 524 (West 1997). Chapter 524 concerns administrative suspension of a driver's license for failure to pass a test for intoxication and provides for a hearing on the matter if requested by a person served with notice of suspension. *See* Tex. Transp. Code Ann. 524.031. Section 524.041 sets forth the provisions for appealing from an administrative hearing and provides the following:

#### Appeal From Administrative Hearing

(a) A person whose driver's license suspension is sustained may appeal the decision by filing a petition not later than the 30th day after the date the administrative law judge's decision is final. The administrative law judge's final decision is immediately appealable without the requirement of a motion for rehearing.

(b) A petition under Subsection (a) must be filed in a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court. If the county judge is not a licensed attorney, the county judge shall transfer the case to a district court for the county on the motion of either party or of the judge.

\*       \*       \*       \*       \*       \*

(d) The department's right to appeal is limited to issues of law.

Tex. Transp. Code. Ann. § 524.041(a), (b), (d). These provisions set out the appeal process for persons whose license is suspended. However, the Code is silent regarding

where jurisdiction lies for an appeal by the Department from an adverse decision by an administrative law judge following a license revocation hearing. The Code's only references to appeals filed by the Department instructs us that the "department's right to appeal is limited to issues of law" and that a "district or county attorney may represent the department in an appeal." Tex. Transp. Code Ann. § 524.041(d), (e).

The Department suggests that because no specific standard of review is set forth for appeals by the Department, section 2001.176 of the Government Code controls rendering substantial evidence as the correct standard of review and the district court of Travis County as the court of proper jurisdiction.[2] We note, however, that because section 524.041(d) specifies that the scope of review that may be sought by the Department is limited to questions of law, it is unnecessary to rely on the fall-back provisions of section 2001.176. For this reason we conclude that it would have been redundant for the Legislature to specify that the Department shall file its appeals in the county of arrest because jurisdiction is already specified in the statue. *See, e.g., Schwantz v. Department of Pub. Safety,* 415 S.W.2d 12, 16 (Tex.App.—Waco 1967, ref'd n.r.e).

 In *Schwantz,* the court reasoned that in instances similar to the case before us, the statutory provision authorizing appeals to a court in the county in which the aggrieved person resides, confers exclusive jurisdiction, and is not merely a venue statute. *Id.* Moreover, to permit the Department to pursue its appeal in district court while an aggrieved person is relegated to seeking judicial review in the county court, creates co-equal jurisdiction in courts that are unequal. When a statute creates a right and provides a remedy for its enforcement, it has provided an exclusive remedy, and when it confers jurisdiction on a particular court, it has conferred exclusive jurisdiction. *Wichita County, Tex. v. Hart,* 917 S.W.2d 779, 782 (Tex.1996) citing

*Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926).

 Our review of the language of section 524.041 reveals that *all* appeals from the ALJ's decision should first be filed in the county court in the county in which the person was arrested and that section 2001.176 is not a default statute designating the appropriate standard of review for Department appeals of ALR hearings. Hence, we conclude that the provisions of section 524.041 of the Code, clearly set forth exclusive jurisdiction of all appeals arising from the administrative suspension of a drivers license. *See Wichita County Tex.,* 917 S.W.2d at 782.

## CONCLUSION

The judgment of the district court is affirmed.

---

2. Section 2001.176 of the Government Code addresses petitions initiating judicial review and provides that unless otherwise prescribed by statute, a person initiating judicial review in a contested case hearing must file their petition in Travis County district court. Tex. Gov't Code Ann. § 2001.176(a), (b)(1) (West 1997).