**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**William Paul JENKINS, Jr., Appellee.**

No. 11–06–00351–CV.

Court of Appeals of Texas, Eastland.

July 31, 2008.

---

Kevin M. Givens, Supervisor, ALR Apellate Section, Austin, for appellant.

Joe Edd Boaz, Anson, James D. Lucas, El Paso, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

**OPINION**

JIM R. WRIGHT, Chief Justice.

The State Office of Administrative Hearings issued an order suspending the driver's license of William Paul Jenkins, Jr. for two years pursuant to TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp.2007). Jenkins appealed the order to the district court of Jones County. The district court reversed the administrative law judge's suspension of Jenkins's driver's license, and the Texas Department of Public Safety (the Department) appeals. We vacate the order of the district court and dismiss the cause.

In the first issue on appeal, the Department argues that the district court did not have subject-matter jurisdiction to hear Jenkins's appeal from the decision of the administrative law judge. Lack of subject-matter jurisdiction is a nonwaivable defect and can be raised at any point of an appeal, by any litigant or by the court sua sponte, regardless of whether the complaint was preserved in the trial court. *Duncan v. Tex. Dep't of Pub. Safety*, 6 S.W.3d 756, 758 (Tex.App.-Tyler 1999, no pet.). TEX. TRANSP. CODE ANN.

§ 524.041(b) (Vernon 2007) provides that an appeal from an administrative law judge's final decision:

[M]ust be filed in a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court. If the county judge is not a licensed attorney, the county judge shall transfer the case to a district court for the county on the motion of either party or of the judge.

The construction to be given to a statute or code is a question of law. *Tex. Dep't of Pub. Safety v. Dierschke,* 952 S.W.2d 634, 636 (Tex.App.-Austin 1997, no pet.). Where the cause of action and remedy for its enforcement are derived from statute, the statutory provisions must be complied with in all respects. *Id.* When a statute creates a right and provides a remedy for its enforcement, it has provided an exclusive remedy, and when it confers jurisdiction on a particular court, it has conferred exclusive jurisdiction. *Wichita County, Tex. v. Hart,* 917 S.W.2d 779, 782 (Tex.1996); *Dierschke,* 952 S.W.2d at 637.

The statutory provision authorizing appeals to a court in the county in which the aggrieved person resides confers exclusive jurisdiction and is not merely a venue statute. *Dierschke,* 952 S.W.2d at 637. When there is no county court at law in the county in which the person was arrested, jurisdiction for an appeal from the administrative decision is proper in the county court. Section 524.041(b). If the county judge is not a licensed attorney, the preference to maintain the action in the county court or transfer the case to district court is a question of venue. *See Tex. Dep't of Pub. Safety v. Scanio,* 159 S.W.3d 712, 715 (Tex.App.-Corpus Christi 2004, pet. den'd). The record does not show that the appeal was filed in the county court and then transferred to the district

court by motion of either party or of the judge. Section 524.041(b); *see Stodder v. Evans,* 860 S.W.2d 651, 652 (Tex.App.-Waco 1993, writ denied). Therefore, the district court lacked jurisdiction to consider Jenkins's appeal from the administrative law judge's order suspending his driver's license. The Department's first issue on appeal is sustained. Because of our disposition of the Department's first issue on appeal, we need not address the remaining issue. TEX.R.APP. P. 47.1.

Because the district court lacked jurisdiction to hear the appeal, we vacate the order of the district court reversing the suspension of Jenkins's driver's license and dismiss the cause. TEX.R.APP. P. 43.2(e).