**Opinion filed November 19, 2009**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00196-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant
## V.
## JOE ADAM VILLEGAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 021584**

## MEMORANDUM OPINION

The State Office of Administrative Hearings issued an order suspending the driver's license of Joe Adam Villegas pursuant to TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp. 2009). Villegas appealed the order to the district court of Jones County. The district court reversed the administrative law judge's suspension of Villegas's driver's license, and the Texas Department of Public Safety (the Department) appeals. We vacate the order of the district court and dismiss the cause.

A review of the record raises the issue of whether the district court had subject-matter jurisdiction to hear Villegas's appeal from the decision of the administrative law judge.[1] We

---

[1]We note that the Department does not challenge the district court's jurisdiction in its appellate issues. However, lack of subject-matter jurisdiction is a nonwaivable defect and can be raised at any point of an appeal, by any litigant or by the court sua sponte, regardless of whether the complaint was preserved in the trial court. _Duncan v. Tex. Dep't of Pub. Safety_, 6 S.W.3d 756, 758 (Tex. App.—Tyler 1999, no pet.).

addressed the same jurisdictional issue in *Texas Department of Public Safety v. Jenkins*, 262 S.W.3d 811 (Tex. App.—Eastland 2008, no pet.). In *Jenkins*, we held that the district court of Jones County lacked jurisdiction to consider Jenkins's appeal from the administrative law judge's order suspending his driver's license. *Jenkins*, 262 S.W.3d at 813.

TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 2007) provides that an appeal from an administrative law judge's final decision:

> [M]ust be filed in a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court. If the county judge is not a licensed attorney, the county judge shall transfer the case to a district court for the county on the motion of either party or of the judge.

We concluded in *Jenkins* that Section 524.041(b) confers exclusive jurisdiction and is not merely a venue statute. *Jenkins*, 262 S.W.3d at 813. Where, as in Jones County, there is no county court at law in the county in which the person was arrested, jurisdiction for an appeal from the administrative decision is proper in the county court. *Id.* If the county judge is not a licensed attorney, the preference to maintain the action in the county court or to transfer the case to district court is a question of venue. *Id.* The record shows that Villegas filed his appeal in the district court. His appeal was not filed in the county court and then transferred to the district court by motion of either party or of the judge. *Id.* Therefore, as in *Jenkins*, the district court lacked jurisdiction to consider Villegas's appeal from the administrative law judge's order suspending his driver's license.

Based on our disposition of the jurisdictional issue, we need not address the Department's issues. TEX. R. APP. P. 47.1. Because the district court lacked jurisdiction to hear the appeal, we vacate the order of the district court reversing the suspension of Villegas's driver's license and dismiss the cause. TEX. R. APP. P. 43.2(e).

TERRY McCALL

JUSTICE

November 19, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.