Opinion filed November 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 19,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00196-CV

                                                    __________

 

                  TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

                                                             V.

                                    JOE
ADAM VILLEGAS, Appellee

 



 

                                         On
Appeal from the 259th District Court

                                                          Jones
County, Texas

                                                   Trial
Court Cause No. 021584

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
State Office of Administrative Hearings issued an order suspending the driver=s license of Joe Adam
Villegas pursuant to Tex. Transp. Code
Ann. ' 724.035
(Vernon Supp. 2009).  Villegas appealed the order to the district court of
Jones County.  The district court reversed the administrative law judge=s suspension of Villegas=s driver=s license, and the Texas
Department of Public Safety (the Department) appeals.  We vacate the order of
the district court and dismiss the cause.








A
review of the record raises the issue of whether the district court had
subject-matter jurisdiction to hear Villegas=s
appeal from the decision of the administrative law judge.[1] 
We addressed the same jurisdictional issue in Texas Department of Public
Safety v. Jenkins, 262 S.W.3d 811 (Tex. App.CEastland
2008, no pet.).  In Jenkins, we held that the district court of Jones
County lacked jurisdiction to consider Jenkins=s
appeal from the administrative law judge=s
order suspending his driver=s
license.  Jenkins, 262 S.W.3d at 813.

Tex. Transp. Code Ann. ' 524.041(b) (Vernon 2007)
provides that an appeal from an administrative law judge=s final decision:

[M]ust be filed in a
county court at law in the county in which the person was arrested or, if there
is not a county court at law in the county, in the county court.  If the county
judge is not a licensed attorney, the county judge shall transfer the case to a
district court for the county on the motion of either party or of the judge.

 

We concluded in Jenkins
that Section 524.041(b) confers exclusive jurisdiction and is not merely a
venue statute.  Jenkins, 262 S.W.3d at 813.  Where, as in Jones County,
there is no county court at law in the county in which the person was arrested,
jurisdiction for an appeal from the administrative decision is proper in the
county court.  Id.  If the county judge is not a licensed attorney, the
preference to maintain the action in the county court or to transfer the case
to district court is a question of venue.  Id.  The record shows that
Villegas filed his appeal in the district court.  His appeal was not filed in the
county court and then transferred to the district court by motion of either
party or of the judge.  Id.  Therefore, as in Jenkins, the
district court lacked jurisdiction to consider Villegas=s appeal from the administrative law judge=s order suspending his
driver=s license.

Based
on our disposition of the jurisdictional issue, we need not address the
Department=s issues.  Tex. R. App. P. 47.1.  Because the
district court lacked jurisdiction to hear the appeal, we vacate the order of
the district court reversing the suspension of Villegas=s driver=s
license and dismiss the cause.  Tex. R.
App. P. 43.2(e).

 

 

TERRY McCALL

JUSTICE

 

November 19,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that the Department does not challenge the
district court=s jurisdiction in its appellate issues.  However, lack of subject-matter jurisdiction
is a nonwaivable defect and can be raised at any point of an appeal, by any
litigant or by the court sua sponte, regardless of whether the complaint
was preserved in the trial court.  Duncan
v. Tex. Dep=t of Pub. Safety,
6 S.W.3d 756, 758 (Tex. App.CTyler 1999, no
pet.).