**HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NUMBER 156, Appellant,**

v.

**UNITED SOMERSET CORPORATION, Appellee.**

**No. 01–07–00220–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 4, 2008.

Rehearing Overruled Nov. 20, 2008.

134

Brett J. Sileo, Harris, Hilburn & Sherer, L.L.P., Houston, TX, for Appellant.

Stephen G. Hunt, Bond, Hunt, French & Company, PLLC, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

In this interlocutory appeal, appellant, Harris County Municipal Utility District Number 156 ("the District"), appeals from the trial court's order denying its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2008).[1] Appellee, United Somerset Corporation ("United Somerset"), filed suit against the District for breach of contract, quantum meruit, and a declaration of the parties' rights under a purported contract with the District. In three issues on appeal, the District contends that the trial court erred by denying its plea to the jurisdiction because (1) "the District did not approve any contract with United Somerset and therefore did not waive immunity from suit," (2) United Somerset failed to exhaust its administrative remedies before the Texas Commission on Environmental Quality ("TCEQ"), and (3) there is no waiver of sovereign immunity for the quantum meruit claim. In addition, in its reply brief, the District asserts that this suit is not ripe for adjudication.

We conclude that this suit is not ripe. We therefore reverse and remand.

## Background

The District was a municipal utility district created in 1980 pursuant to an order

---

1. Section 51.014 provides,
 (a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
 . . . .

 (8) grants or denies a plea to the jurisdiction by a governmental unit. . . .
 TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon.2008).

of the Texas Water Commission, which is now known as TCEQ. On February 3, 1986, the District and United Somerset entered into an agreement entitled "Water, Sewer and Drainage Improvement Financing and Construction Contract." The District's vice-president and secretary signed the agreement. However, the Board of Directors for the District was never called upon to ratify, approve or authorize the agreement with United Somerset.

Under the terms of the agreement, the developer financed the construction of utilities that the District agreed to later purchase by reimbursing approximately 70 percent of the developer's costs out of the proceeds of bond sales. The agreement called for the sale of bonds after houses, in numbers sufficient to provide an adequate tax base in the District, were built. The agreement defined United Somerset as a developer, stating that United Somerset planned to develop a subdivision with residential and commercial improvements. However, United Somerset did not own any property within the District. According to the District, "Section 3.03 of the purported agreement, if it was a valid agreement, required United Somerset to convey all rights, title and interest in the constructed utilities to the District."

United Somerset constructed various utility improvements. United Somerset claimed that it received engineering approval of the plans and specifications from the District's engineer. During construction, United Somerset provided documentation regarding the construction to, and received approval from, the engineer, the attorney for the district, and the TCEQ's predecessor agency. United Somerset incurred $2,220,431 in construction costs for the improvements.

By early 2006, a sufficient number of houses had been built in the District to provide a tax base. The District requested United Somerset to provide documentation to support the District's application to get approval from TCEQ to issue bonds. The District submitted a $2,750,000 bond application to TCEQ to cover the costs of the improvements. The application was supported by United Somerset's documents showing the cost of constructing the improvements, as well as by the agreement with United Somerset. The TCEQ approved the District's bond application on October 4, 2006.

In August 2005, over a year before TCEQ approved the bond application in October 2006, United Somerset filed these claims for breach of contract, quantum meruit, and a declaratory judgment to establish the validity of the agreement and its right to future payments from the bond proceeds. The District answered with a general denial, and several affirmative defenses, including that there was no waiver of the District's sovereign immunity, that United Somerset's claims were not ripe for adjudication, and that the TCEQ had exclusive original jurisdiction over United Somerset's claims.

Copper Lakes Development, L.P. filed a "Plea in Intervention and Application for Declaratory Relief," alleging that it was the "developer" and owner of the land on which United Somerset's facilities were constructed, and, therefore, it was entitled to the payment from the bond proceeds sought by United Somerset. However, Copper Lakes agreed with the District that proper jurisdiction was with the TCEQ.[2]

---

**2.** Copper Lakes filed an appellate brief stating that it "is not adverse" to the District. Copper Lakes's brief urges on appeal that we reverse the trial court's order that denies the District's plea to the jurisdiction. Copper Lakes agrees with the District's assertion that

The District filed a plea to the jurisdiction, contending that the District is (1) generally immune from all suits, except where there is a specific waiver of immunity, and (2) immune from United Somerset's claims because the two people who signed the agreement for the District were an insufficient number of board members required to enter into a contract with United Somerset. The District also asserted that jurisdiction to decide any dispute about reimbursement of construction costs between a developer and a utility district lies with the TCEQ.

In response, United Somerset asserted that the trial court had jurisdiction because (1) municipal utility districts have waived immunity specifically for breach of contract actions and the agreement here is a valid contract, and (2) the TCEQ does not have exclusive jurisdiction of a contract dispute between a developer and a municipal utility district.

### Ripeness

On appeal, the District asserts this case is not ripe for adjudication. However, that assertion was not made to the trial court. We must (A) determine whether we have jurisdiction to address the question of ripeness in this interlocutory appeal, and, if we determine we have jurisdiction, then (B) decide if the lawsuits for breach of contract and quantum meruit are ripe, and (C) decide if the lawsuit for declaratory judgment is ripe.

### A. Our Jurisdiction Over Interlocutory Appeal

At the outset, we address whether we have jurisdiction in this interlocutory appeal to address the issue of ripeness, which is a matter asserted by the District on appeal but was not presented in the District's plea to the jurisdiction before the trial court.

 We conclude we have jurisdiction in this interlocutory appeal to address ripeness, even though that matter was not part of the plea to the jurisdiction. *See City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 313 (Tex.App.–Houston [1st Dist.] 2001, pet. denied) (addressing merits of sovereign immunity challenge, although only standing was raised in plea to jurisdiction before trial court). In *Northwood*, we explained, "Although the City did not raise sovereign immunity in the trial court, a governmental entity's immunity from suit is a jurisdictional issue that may be raised for the first time on appeal." *Id.*[3]

We follow our precedent in *Northwood*. *See id.* We conclude that *Northwood* correctly states the duty of the court of appeals to address issues affecting subject matter jurisdiction, even when not raised in a plea to the jurisdiction. *See Waco*

---

the District has not waived sovereign immunity and that only the TCEQ has jurisdiction.

3. The Dallas court of appeals criticized the *Northwood* case, emphasizing that the interlocutory appeal statute is a narrow exception granting jurisdiction over interlocutory appeals and must be construed strictly. *City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 687–88 (Tex.App.–Dallas 2003, pet. denied). Thus, the Dallas court concluded that it only had jurisdiction to address matters actually raised in the plea to the jurisdiction. *Id.* at 688; *see* TEX. CIV. PRAC. &

REM.CODE ANN. § 51.014(a)(8) (providing for interlocutory appeal of order that "grants or denies a plea to the jurisdiction by a governmental unit"). *See also Kinney County Groundwater Conservation Dist. v. Boulware*, 238 S.W.3d 452, 461 (Tex.App.–San Antonio 2007, no pet.) (citing and following *First Trade Union Savings Bank*); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex.App.–Austin 2006, pet. denied) (same); *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 61 (Tex.App.–Houston [14th Dist.] 2005, no pet.) (same).

*Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000). In *Gibson*, Waco Independent School District filed a motion to dismiss for want of jurisdiction, asserting that Gibson had failed to exhaust administrative remedies. *Id.* The trial court granted the motion, in part, dismissing all but one of Gibson's claims. *Id.* On interlocutory appeal, the school district asserted both ripeness and standing as additional grounds to affirm the trial court's dismissal, although neither issue was raised before the trial court. *Id.* The court of appeals declined to address either ripeness or standing, concluding that because the school district failed to raise these issues before the trial court they were not "properly preserved for our review." *Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 200 (Tex.App.–Waco 1998), *vacated by Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849 (Tex.2000). The supreme court concluded that the court of appeals erred by failing to reach the ripeness and standing issues, noting that "because subject matter jurisdiction is essential to the authority of a court to decide a case, *it cannot be waived* and may be raised for the first time on appeal." *Gibson*, 22 S.W.3d at 851(emphasis added). We hold that we have jurisdiction in this interlocutory appeal to address ripeness, even though that matter was not part of the plea to the jurisdiction before the trial court. *See id.*

### B. Ripeness of Breach of Contract and Quantum Meruit Claims

In its answer to the lawsuit, the District contends that United Somerset's claims are not ripe for adjudication. That position is also urged in its reply brief, where the District asserts that

United Somerset chose to sue the District before the District even had approval for the bond application, claiming "anticipatory breach of the contract."

The District has not yet sold the bonds and received any bond proceeds, so it has not yet made any reimbursement decision. Therefore, it is not only premature for the TCEQ to make a ruling on whether the District made the proper reimbursement decision; it is premature for United Somerset to have even brought this lawsuit.

United Somerset responds that the contract dispute is ripe for adjudication. United Somerset states,

Twenty years after United Somerset's construction of the utility improvements the District submits its bond application, but still has not made a decision as to who, United Somerset, Copper Lakes or neither, is entitled to reimbursement out of the bond proceeds, nor if the construction contract which was submitted to TCEQ is valid. If United Somerset delayed in initiating this lawsuit until the District made its determination that Copper Lakes, rather than United Somerset, was entitled to the reimburseables and paid the bond proceeds to Copper Lakes, then United Somerset would be without any effective remedy or recourse to the disbursed funds. Therefore, United Somerset in protecting its interest did not bring this lawsuit prematurely.

■ Ripeness is a component of subject matter jurisdiction. *Gibson*, 22 S.W.3d at 850. "Ripeness, like standing, is a threshold issue that implicates subject matter jurisdiction, and like standing, emphasizes the need for a concrete injury for a justiciable claim to be presented." *Id.* (quoting *Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442 (Tex.1998)). However, where standing concerns who may bring an action, ripeness concerns when that action may be brought. *Id.* at 851.

██ In considering whether a claim is ripe, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed "so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.* at 851–52 (quoting *Patterson,* 971 S.W.2d at 442). A claim is not ripe if it concerns "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Id.* at 852 (quoting *Patterson,* 971 S.W.2d at 442). "A case is not ripe when determining whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.* (citing *Patterson,* 971 S.W.2d at 443). A threat of harm can constitute a concrete injury, but the threat must be "direct and immediate" rather than conjectural, hypothetical, or remote. *Id.* (citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

██ At the time this lawsuit was filed in August 2005, the District had not submitted its application for approval of its bonds to the TCEQ. Consequently, the District had not received, and United Somerset had not been denied, any proceeds from the sale of bonds. Whether the District will sell the bonds and whether it will or will not reimburse United Somerset are "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *See id.* Thus, United Somerset has not yet sustained a concrete injury, nor is that possible future injury imminent.[4] *See id.* United Somerset acknowledges this in its response to the District's claims that this controversy is not ripe, stating "the District ... still has not made a decision as to who ... is entitled to reimbursement out of the bond proceeds...."

We conclude that United Somerset's breach of contract and quantum meruit claims are not ripe for adjudication. *See Patterson,* 971 S.W.2d at 443 (holding that claim that depended on State's implementation of future plan was not ripe when State had not adopted plan and plan's impact on federal funding had not been reviewed by federal agency in charge of administering funds). We therefore hold that the trial court lacks jurisdiction over the breach of contract and quantum meruit claims, and we reverse the trial court's order denying the District's plea to the jurisdiction and remand this cause to the trial court with instructions to dismiss United Somerset's breach of contract and quantum meruit claims.

### C. Ripeness of Declaratory Judgment Act Claim

██ The remaining claim filed by United Somerset is the declaratory judgment action, which the District also challenges on the grounds of ripeness. "A declaratory judgment action does not vest a court with the power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although

4. On appeal, United Somerset relies on one of the District's answers to an interrogatory to show that injury is imminent. The District's answer states,

The District is now faced with competing claims for the payment of the reimbursables and it will now be up to the court (or the agreement of all the competing parties) to determine who, if anyone, owns the right to receive the reimbursables.

However, United Somerset does not provide a record citation for this interrogatory answer, and it does not appear in the record before this Court. Therefore, we may not consider it. *See Till v. Thomas,* 10 S.W.3d 730, 733 (Tex.App.–Houston [1st Dist.] 1999, no pet.) (stating that appellate court cannot consider documents that do not appear in record).

such questions may in the future require adjudication." *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex.App.–Austin 2002, pet. denied); *see also Empire Life Ins. Co. of Am. v. Moody*, 584 S.W.2d 855, 858 (Tex.1979). A declaratory action need not concern a present lawsuit but may include "threatened litigation in the immediate future that seems unavoidable." *See Peacock v. Schroeder*, 846 S.W.2d 905, 912 (Tex.App.–San Antonio 1993, no pet.). In other words, an action for declaratory judgment is appropriate when the fact situation manifests the present "ripening seeds" of a controversy. *See Save Our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 683 (Tex.App.–Austin 2004, no pet.). Ripening seeds of a controversy "appear where the claims of several parties are present and indicative of threatened litigation in the immediate future which seems unavoidable, even though the differences between the parties as to their legal rights have not reached the state of an actual controversy." *Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 154 (Tex. App.–Austin 1998, no pet.) (quoting *Ainsworth v. Oil City Brass Works*, 271 S.W.2d 754, 761 (Tex.Civ.App.–Beaumont 1954, no writ)).

■ Here, the threatened controversy is not unavoidable. If, after the bonds are sold, the District's board meets and decides to pay the reimbursables to United Somerset, then this current lawsuit would become moot. "[H]ypothetical or contingent situations" such as this one are not ripe for a declaratory judgment action. *See Patterson*, 971 S.W.2d at 443 (holding that claim that depended on State's implementation of future plan was not ripe when State had not adopted plan and plan's impact on federal funding had not been reviewed by federal agency in charge of administering funds); *City of Anson v.*

*Harper*, 216 S.W.3d 384, 390–91 (Tex. App.–Eastland 2006, no pet.) (holding that claims for declaratory judgment and inverse condemnation based on city's construction and operation of landfill did not present ripe controversy when city's application was still pending before TCEQ). We therefore lack jurisdiction over United Somerset's declaratory judgment claim. *See Gibson*, 22 S.W.3d at 850 (noting that ripeness is component of subject matter jurisdiction). We reverse the trial court's order denying the District's plea to the jurisdiction and remand this cause to the trial court with instructions to dismiss United Somerset's declaratory judgment claim.

### Conclusion

We reverse the trial court's order denying the District's plea to the jurisdiction and remand this cause to the trial court with instructions to dismiss United Somerset's claims against the District.