NO. 12-09-00206-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RUSK STATE HOSPITAL, THE
STATE    §                     APPEAL FROM THE 2ND

OF TEXAS AND THE TEXAS

DEPARTMENT OF STATE HEALTH

SERVICES,

APPELLANTS

 

V.                                                                     
§                    JUDICIAL DISTRICT COURT 

 

DENNIS BLACK AND PAM BLACK,

INDIVIDUALLY AND AS

REPRESENTATIVES OF THE
ESTATE

OF TRAVIS BONHAM BLACK,

DECEASED,

APPELLEES                                                  
§                    CHEROKEE COUNTY, TEXAS







            MEMORANDUM
OPINION

            Travis
Black, a patient at Rusk State Hospital (the “Hospital”), died from
asphyxiation caused by a plastic bag placed over his head and secured about his
neck.  Travis’s parents brought a health care liability claim alleging the
Hospital negligently allowed Travis access to the plastic bag used in his suicide
or murder.  The Hospital moved to dismiss contending that the Blacks’ expert
reports were deficient.  The trial court overruled the Hospital’s motion, and the
Hospital brought this interlocutory appeal.  In two issues, the Hospital
contends that the trial court abused its discretion in denying the motion to
dismiss and that the trial court lacked jurisdiction because the Blacks’
pleadings did not demonstrate a waiver of sovereign immunity.  We dismiss in
part and reverse and remand in part.  We do not determine the jurisdictional
issue.

 

 

            

Background

            Travis
Black suffered from paranoid schizophrenia and was a patient at the Rusk State
Hospital.  On December 20, 2006, a staff member found Travis lying face up on
his bed with a plastic bag over his head secured by a rubber band about his
neck.  Resuscitative efforts were unsuccessful.  His body bore no evidence of
significant trauma.  One of several letters found in his pockets asked “that if
he should die” certain letters and electronic messages be sent to President
Bush.  Delbert Van Dusen, M.D. performed an autopsy on the body and concluded
that Travis’s death resulted from asphyxia due to suffocation.  The autopsy
report shows the manner of death to be suicide.

            The
Blacks filed a health care liability suit against the Hospital.  They alleged
Travis’s death resulted from the Hospital’s negligence in providing Travis a
plastic bag or allowing him access to one.  This, they contended, was a
violation of the Hospital’s own policy defining a plastic bag as contraband
because plastic bags are inherently dangerous in an inpatient psychiatric
setting.  The Blacks also alleged that the Hospital refused to allow Travis to
sleep during the daytime or to prescribe appropriate medication to help him
sleep at night.  The Blacks claimed that the Hospital was deliberately
indifferent to Travis’s medical and psychiatric needs.  The Blacks also alleged
that his death resulted from a condition, use, or misuse of personal property
by the Hospital.  The filing of the health care liability claim required the
Blacks’ compliance with the expert report requirements of Texas Civil Practice
and Remedies Code section 74.351.

            Within
120 days of filing suit, the Blacks served on the Hospital the report of Dennis
Combs, Ph.D., together with the relevant business records of Southeast Texas
Forensic Center, Inc.  Those records included a copy of the autopsy report of Dr.
Van Dusen.  The Hospital timely filed objections contending the reports filed
by the Blacks were inadequate to comply with section 74.351 and moved that the
claim be dismissed.  The trial court overruled the Hospital’s motion, and the
Hospital filed this interlocutory appeal.  

 

Jurisdiction

            In
its second issue, raised for the first time in its reply brief, the Hospital
challenges the trial court’s jurisdiction.  Although the Hospital did not raise
the issue in the trial court, it contends here that the Blacks have failed in
their burden of demonstrating the trial court’s jurisdiction because they have
not alleged a valid waiver of sovereign immunity.  The Blacks counter that they
have alleged that Travis’s death arose from a condition or use of personal
property, the plastic bag that caused his suffocation.  This, they argue, is a
sufficient allegation of the waiver of sovereign immunity.  Therefore, the
Blacks insist, this court has no jurisdiction to review a claim not raised in
the Hospital’s motion to dismiss or ruled on by the trial court.

Waiver of
Sovereign Immunity

            In a
suit against a governmental unit, the plaintiff bears the burden of
demonstrating the court’s jurisdiction by alleging a valid waiver of sovereign
immunity.  Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540,
542 (Tex. 2003).

The
Tort Claims Act does not provide a waiver of sovereign immunity for claims
“arising out of assault, battery, false imprisonment, or any other intentional
tort. . . .”  Tex. Civ. Prac. & Rem.
Code Ann. § 101.057(2) (Vernon 2005).  Nor is immunity waived when a
governmental unit “allows someone else to use the property and nothing more[,]”
even if suicide is the result.  Dallas County v. Posey, 290
S.W.3d 869, 871-72 (Tex. 2009).  In the Dallas County case, the
officers placed Posey in a holding cell where there was an inoperable corded
telephone.  Posey used the telephone cord to hang himself.  The Texas Supreme
Court held that the incident did not arise from the county’s use of property.  Id. 
Similarly, in San Antonio State Hospital v. Cowan, 128 S.W.3d 244
(Tex. 2004), the supreme court held that the hospital’s immunity was not waived
by its providing suspenders and a walker to a patient who later used them to
hang himself, because it was the patient, not the hospital, who used the
property.  Id. at 246.

Jurisdiction
on Interlocutory Appeal

            Unless
there is a statute specifically authorizing an interlocutory appeal, Texas
appellate courts have jurisdiction only over final judgments.  Cherokee
Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985).  

Texas
Civil Practice and Remedies Code section 51.014 lists certain types of orders
that are immediately appealable.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008).  Among
those are an order of the trial court that “grants or denies a plea to the
jurisdiction by a governmental unit” and an order that “denies all or part of
the relief sought by a motion under Section 74.351(b) . . . .”  Id.
§ 51.014(a)(8), (9). Section 74.351(b) provides for dismissal on motion of
the defendant for failure to serve an expert report required for each health
care provider.  See id. § 74.351(b) (Vernon Supp. 2009).  Section 51.014 is a narrow
exception to the general rule that only final judgments and orders are
appealable; therefore we must strictly construe what can be considered in an
interlocutory appeal.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 355 (Tex. 2001); City of Dallas v. First Trade Union Sav.
Bank, 133 S.W.3d 680, 686-87 (Tex. App.–Dallas 2003, pet. denied).  

Discussion

It
is axiomatic that subject matter jurisdiction may not be waived and may be
raised for the first time on appeal from a final judgment.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993) (direct
appeal of judgment in administrative matter to supreme court following bench
trial).  It is the Hospital’s position that it may raise the trial court’s
jurisdiction in this interlocutory appeal, even though jurisdiction was
not raised or ruled upon in the trial court, and despite the specific statutory
language of subsection (a)(8).

Section
51.014(a)(8) authorizes an appeal from an interlocutory order that “grants or
denies a plea to the jurisdiction by a governmental unit . . . .”  Several
courts interpreting this subsection have held that the courts of appeals have
no jurisdiction to review any such claims not raised or ruled upon in the trial
court.  See, e.g., Austin Indep. Sch. Dist. v. Lowery, 212
S.W.3d 827, 834 (Tex. App.—Austin 2006, pet denied).  The court in Lowery
explained as follows:

 

Because our jurisdiction in the interlocutory appeal
is limited, we confine our review to the ruling on the plea to the jurisdiction
that was actually filed and do not address whether the district court erred in
denying the plea on a ground that was not argued below. Although subject matter
jurisdiction cannot be waived and may be raised for the first time in an appeal
from a final judgment, section 51.014(a)(8) of the civil practice and remedies
code does not grant this Court jurisdiction to review claims that were neither
included in the plea to the jurisdiction nor considered by the district court. 


 

 

Id.
(citations omitted); see also Scott v. Alphonso Crutch Life Support Ctr.,
No. 03-06-00003-CV, 2009 Tex. App. LEXIS 5111, at *20-21 (Tex. App.–Austin July
2, 2009, no pet.) (mem. op.); Clear Lake City Water Auth. v. Friendswood
Dev. Co., 256 S.W.3d 735, 747 (Tex. App.–Houston [14th Dist.] 2008,
pet. dism’d); City of Celina v. Dynavest Joint Venture, 253
S.W.3d 399, 404 (Tex. App.–Austin 2008, no pet.); Univ. of Tex. v. Estate
of Arancibia, 244 S.W.3d 455, 461-62 (Tex. App.–Dallas 2007, no pet.); Kinney
County Groundwater Conserv. Dist. v. Boulware, 238 S.W.3d 452, 461
(Tex. App.–San Antonio 2007, no pet.); Brenham Hous. Auth. v. Davies,
158 S.W.3d 53, 61 (Tex. App.–Houston [14th Dist.] 2005, no pet); City of
Dallas, 133 S.W.3d at 686-87.                  

In
this appeal, the Hospital cites section 51.014(9) as the source of this court’s
jurisdiction.  It also urges that jurisdiction may be considered by the
reviewing court if an interlocutory appeal is taken on any other ground
authorized by statute.  The cases cited by the Hospital do not support its
argument.  Unlike the case here, the cases cited by the Hospital are appeals from
final judgments or interlocutory appeals wherein the trial court had granted or
denied a plea to the jurisdiction raised by the governmental unit.  In University
of Texas Southwestern Medical Center at Dallas v. Loutzenhiser, 140
S.W.3d 351 (Tex. 2004), cited extensively by the Hospital, the trial court had
two opportunities to confront the question of jurisdiction.  First, the trial
court denied the University Medical Center’s motion for summary judgment, which
raised the issue of jurisdiction.  Id. at 354.  While the case
was still pending, the legislature added subsection (8) to section 51.014(a)
allowing interlocutory appeals from orders granting or denying a plea to the
jurisdiction by a governmental unit.  The University then reurged the point to
the trial court as a plea to jurisdiction.  Id. at 355.  In our
case, the trial court had no chance to rule on the issue of jurisdiction.

            In Thomas
v. Long, 207 S.W.3d 334 (Tex. 2006), Long filed suit against Sheriff
Thomas seeking a declaratory judgment that she was entitled to return to work
immediately with no loss of seniority or benefits and without taking a test for
physical ability.  Long moved for partial summary judgment on her declaratory
judgment action.  Sheriff Thomas filed a cross-motion for summary judgment
arguing the trial court’s lack of subject matter jurisdiction over Long’s
claims.  The trial court rendered partial summary judgment in favor of Long.  Id.
at 336-37.  The supreme court held that interlocutory appeal was proper despite
the absence in the record of an order explicitly denying a plea to
jurisdiction.  “Thomas’s summary judgment motion clearly challenged the trial
court’s subject matter jurisdiction.”  Id. at 339.  “The Legislature
provided for an interlocutory appeal when a trial court denies a governmental
unit’s challenge to subject matter jurisdiction, “irrespective of the
procedural vehicle used.”  Id. (emphasis added).  When the
trial court ruled on the merits of Long’s claims by granting partial summary
judgment, it implicitly rejected Sheriff Thomas’s jurisdictional challenge.  Id.
at 341.  In our case, as opposed to Thomas, the Hospital did not
raise the issue of jurisdiction by motion for summary judgment or any other
procedural vehicle.  Therefore, the trial court ruled only on the adequacy of
the expert reports, not on the merits.

            In Duncan
v. Texas Department of Public Safety, 6 S.W.3d 756 (Tex. App.–Tyler
1999, no pet.), a motorist attempted to appeal the administrative suspension of
his license based on his Van Zandt County arrest to the County Court at Law of
Smith County.  The trial court granted the Department’s motion to dismiss for
lack of jurisdiction.  Id. at 757.  Duncan is
similarly distinguishable from the case at bar.  The trial court in Duncan
ruled on the jurisdictional challenge.  Moreover, Duncan was not
an interlocutory appeal.  See id.

            In Waco
Independent School District v. Gibson, 22 S.W.3d 849 (Tex. 2000), the
trial court, after a hearing, granted WISD’s plea to the jurisdiction as to all
but one of the plaintiff’s claims.  The supreme court held that on
interlocutory appeal, WISD could add standing and ripeness challenges to its
original assertion that the trial court lacked jurisdiction because the Gibsons
had failed to exhaust their administrative remedies before bringing suit.  The
supreme court noted, however, that “the trial court record is replete with the
district’s assertions that the Gibsons’ claim was not ripe.”  Id. 
In the case at bar, the Hospital urged no jurisdictional challenge of any kind
in the trial court.  Two additional cases cited by the Hospital, Harris
County Municipal District No. 156 v. United Somerset Corp., 274 S.W.3d
133 (Tex. App.–Houston [1st Dist.] 2008, no pet.), and City of Houston v.
Northwood Municipal District No. 1, 73 S.W.3d 304 (Tex. App.–Houston [1st
Dist.] 2001, pet. denied), are similarly distinguishable.  In both, the trial
court rejected a plea to the jurisdiction.  On appeal, the governmental entity
was allowed to raise an additional jurisdictional challenge.  Harris
County, 274 S.W.3d at 135, 137; City of Houston, 73
S.W.3d at 307, 313.    

The
cases cited by the Hospital do not address whether a governmental entity can
raise a jurisdictional challenge for the first time in an interlocutory
appeal.  The cases we have cited above support a contrary conclusion in an
interlocutory appeal challenging the denial of a plea to the jurisdiction.  See,
e.g., Lowery, 212 S.W.3d at 834; see also Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8).  We are not
persuaded that a different rule applies when an interlocutory appeal is brought
under subsection (a)(9).  Consequently, we hold that the weight of authority
precludes our consideration on interlocutory appeal of jurisdictional
challenges not presented to or ruled on by the trial court.  We decline to
address the Hospital’s second issue.

 

 

 

Sufficiency of Expert Reports

            The
Hospital maintains that the expert reports served by the Blacks, even when read
together, fail to comply with section 74.351 in the following respects:

 

(1)  
The report by Dr. Combs, a psychologist, cannot serve to show (a) how it
failed to meet the applicable standard of care and (b) the causal relationship
between that failure and Travis’s death because Dr. Combs is not a physician
“qualified to render opinions on such causal relationship under the Texas Rules
of Evidence.”  See § 74.351(r)(5)(C).

 

(2)  
The business records of the Southeast Texas Forensic Center, Inc.
containing the autopsy signed by Dr. Van Dusen, although establishing the cause
of death as asphyxiation, also fails to show how the Hospital breached the
applicable standard of care.  Nor do they explain the causal relationship
between that failure and Travis’s death.  Moreover, there is no showing that
Dr. Van Dusen is a physician licensed to practice medicine in Texas.

 

(3)   The
reports do not attempt to address three of the five claims stated in the Blacks’
petition.

 

            The
Blacks contend that the expert reports, taken together, satisfy the statutory
requirements.

Standard of Review and
Applicable Law

            Appellate courts review a
trial court’s determination of the adequacy of an expert report for an abuse of
discretion.  Am. Transitional Care Ctrs. of Tex. v. Palacios, 46
S.W.3d 873, 877 (Tex. 2001); Shaw v. BMW Healthcare, Inc., 100 S.W.3d
8, 12 (Tex. App.–Tyler 2002, pet. denied).  Under an abuse of
discretion standard, appellate courts defer to a trial court’s factual
determinations, but review questions of law de novo.  Shaw, 100
S.W.3d at 12.              

In
a health care liability claim, the claimant “shall . . . serve on each party,
or the party’s attorney, one or more expert reports with a curriculum vitae of
each expert listed in the report for each physician or health care provider
against whom a liability claim is asserted.”  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009).  The
statute defines an “expert report” as 

 

a written report by an expert that provides a fair
summary of the expert’s opinions as of the date of the report regarding
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed. 

 

 

 

Id.
§ 74.351(r)(6) (Vernon Supp. 2009).  If no report is served within 120
days after the original petition was filed, the trial court, on the defendant’s
motion, must dismiss the claim with prejudice to its refiling.  Id.
§ 74.351(b)(2).  The trial court’s order should also award the defendant
reasonable attorney’s fees and costs. Id. § 74.351(b)(1).  However,
even if the claimant files an expert report within 120 day period, it cannot be
considered “served” if it is inadequate because elements of the report are
found deficient.  Id. § 74.351(c) (Vernon Supp. 2009); Lewis
v. Funderburk, 253 S.W.3d 204, 207 (Tex. 2008).

            The
defendant may challenge the report as being so insufficient that it represents
no report at all, and move to dismiss.  The statute allows three possible
resolutions of the defendant’s motion.  First, if the trial court determines
that elements of the report are deficient, it may grant the claimant one thirty
day extension in which to cure the deficiency.  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c).  An interlocutory
appeal may not be taken from an order granting a thirty day extension.  Id.
§ 51.014(a)(9).  Second, the trial court may, after hearing, grant the
defendant’s motion and dismiss the case and assess attorney’s fees and costs
against the claimant.  However, the trial court shall grant the motion only if
it determines “that the report does not represent an objective good faith
effort to comply with the definition of an expert report in subsection
(r)(6).”  Id. § 74.351(l) (Vernon Supp. 2009).  The
claimant has the right to an interlocutory appeal of the adverse order.  Id.
§ 51.014(a)(10).  The trial court’s third option is to deny the
defendant’s motion.  Section 51.014(a)(9) provides for an interlocutory appeal
from an order denying a defendant relief under section 74.351(b).

            In
assessing the report’s sufficiency, a trial court may not draw any inferences;
the only information relevant to the inquiry is within the four corners of the
document.  Palacios, 46 S.W.3d at 878-79.  Although the report
need not marshal all of a plaintiff’s proof, it must include the expert’s
opinions on the three statutory elements:   standard of care, breach of the
standard, and the causal relationship between the breach and the harm.  Id.
at 878; see also Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(r)(6).  In detailing these elements, the
report must provide enough information to fulfill two purposes if it is to
constitute a “good faith effort.”  Id. at 878-79.  First, the
report must inform the defendant of the specific conduct that the plaintiff has
called into question.  Id.  Second, the report must provide a
basis for the trial court to conclude that the claims have merit.  Id. 
A report that merely states the expert’s conclusions as to the standard of
care, breach, and causal relationship does not fulfill these two purposes.  Id. 
Rather, the expert must explain the basis of his statements and link his
conclusions to the facts.  Id.  The report, however, can be
informal, and information does not have to meet the same requirements as
evidence offered in a summary judgment proceeding or at trial.  Id. 
One who seeks to offer an “expert” opinion about the causal relationship
between the injury, harm, or damages claimed and the alleged departure from the
standard of care must be “a physician who is otherwise qualified to render
opinions on such causal relationship under the Texas Rules of Evidence[.]”  Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(r)(5)(C).  “Physician” means a person licensed to practice
medicine in this state.  Id. § 74.001(a)(23)(A) (Vernon
2005).

            The
reports of multiple experts may be read together, if possible, to satisfy the
expert report requirement.  Lewis, 253 S.W.3d at 208.  A report
by an unqualified expert will sometimes reflect a good faith effort sufficient
to justify a thirty day extension.  See In re Buster, 275
S.W.3d 475, 477 (Tex. 2009) (nurse’s report expressing opinion on causation
constituted good faith effort); Leland v. Brandal, 257 S.W.3d
204, 208 (Tex. 2008) (remanding to trial court to determine whether claimant
was entitled to thirty day extension to cure defective expert report). A
claimant may cure a deficiency by serving a report from a new expert.  In
re Buster, 275 S.W.3d at 477.

Discussion

            In
this case, neither the Combs report nor the autopsy report attempts to address
three of the Blacks’ claims.  They contain no reference to the claim that (1)
the Hospital refused to allow Travis to sleep during the daytime, (2) that it
refused to prescribe appropriate medication, and (3) that it was indifferent to
Travis’s medical needs.  No report addresses the Blacks’ claims against the
Texas Department of Health Services or the State of Texas.  The total absence
of a report cannot be cured by filing a new report, and the trial court had no
discretion but to dismiss the unaddressed claims.  See Jernigan v.
Langley, 195 S.W.3d 91, 93 (Tex. 2006).  We agree with the Hospital
that these claims must be dismissed, and sustain this portion of the Hospital’s
first issue.

            The
two claims in which the Blacks allege the Hospital negligently allowed Travis
access to a plastic bag were addressed in the timely filed report of Dennis
Combs.  The report details the appropriate standard of care and the Hospital’s
conduct that breached that standard.  Combs explains the causal relationship
between that breach, allowing Travis access to a plastic bag, and his
suffocation death caused by a plastic bag.

            Combs
has extensive training and experience in the diagnosis and treatment of mental
disorders.  He is a licensed psychologist in the State of Texas, and a member
of the National Register of Health Care Providers in Psychology.  His clinical
specialty is the diagnosis and treatment of schizophrenia and other psychotic
disorders.  He has served as supervising or consulting psychologist at numerous
mental health facilities.  Combs’s credentials entitle him to express his
opinion on the appropriate care standard and how the Hospital transgressed that
standard.  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.402 (Vernon 2005).

            Combs,
however, is not a physician.  The Hospital correctly asserts that he is not
qualified under section 74.351(r)(5)(C) to offer an opinion on the causal
relation between the Hospital’s breach and Travis Black’s death.  The autopsy
report does not remedy the deficiency.  Although it clearly states the manner
of death, it does not address the causal relationship between the Hospital’s
conduct and Travis’s death.

            The
causal connection between allowing a mental patient access to a plastic bag and
his suffocation death from such a bag placed over his head seems too
obvious to require explanation.  But case law firmly admonishes the courts
that, in assessing the sufficiency of expert reports, their inquiry is limited
to information in the document.  The trial court is to draw no inferences, no
matter how unassailable.  Therefore, without a physician’s explicit relation of
the Hospital’s alleged violation of the standard of care to Travis Black’s
death, the reports are insufficient.  The trial court abused its discretion in
holding otherwise.

            The
Hospital contends that the Blacks’ claims must be dismissed.  We disagree.  The
Blacks’ reports, though deficient, were timely filed.  Although Combs was not
qualified to offer an opinion on the causation question, his report addressed
the three statutory concerns.  The report also fulfilled the two purposes of
the statute.  It (1) informed the Hospital of the specific conduct complained
of and (2) provided a basis for the trial court to conclude the Blacks’ claim
has merit.  “A report by an unqualified expert will sometimes (though not
always) reflect a good- faith effort to justify a 30-day extension.”  In
re Buster, 275 S.W.3d at 477; Leland, 257 S.W.3d at 208. 
Here, the Combs report represents a good faith effort.  Accordingly, we
overrule this portion of the Hospital’s first issue.

 

Conclusion

We
have declined to address the Hospital’s second issue in which it challenges the
trial court’s jurisdiction.  Because we have sustained the Hospital’s first
issue in part, we reverse the order of the trial court and dismiss
with prejudice the claims against the Texas Department of State Health
Services and the State of Texas.  We also dismiss with prejudice
the Blacks’ claims that the Hospital (1) refused to allow Travis to sleep in
the daytime, (2) refused to prescribe appropriate medication, and (3) was
indifferent to Travis’s medical needs.  Because we have overruled the
Hospital’s first issue in part, we remand the claims to the trial
court so that it may consider granting the Blacks a thirty day extension to
cure the deficiencies noted.  

 

                                                                                                Bill Bass

                                                                                                   
Justice

 

 

 

Opinion delivered June 23, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals,

sitting by assignment.

 

(PUBLISH)