Opinion issued
April 28, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00074-CV

———————————

Jacqueline C. Du Bois, Appellant

V.

Arthur
Williams,
Appellee



 



 

On Appeal from the 309th
District Court

Harris County, Texas



Trial Court Case No. 2002-21145

 



 

 

MEMORANDUM
OPINION

 

          Dr.
Jacqueline C. Du Bois appeals an order modifying her parent-child relationship
with her son entered after her ex-husband, Arthur Williams, moved for the modification
after their divorce.  After settling part
of the dispute through mediation, the trial court held a bench trial on the
remaining issues.  Dr. Du Bois raises
seven issues in this appeal, asserting that the trial court violated her equal
protection rights, denied her right to a jury trial, granted Mr. Williams too
much control over their son’s estate, failed to hold Mr. Williams in contempt,
failed to award her sanctions for Mr. Williams’s and his attorney’s actions
during discovery, forced her to mediation, and failed to consider the best
interest of the child.

          We
affirm.

Background

          After
Dr. Du Bois and Mr. Williams were divorced in 2002, Mr. Williams filed this suit
affecting the parent-child relationship, seeking to modify the terms of
possession and access to the couple’s son. 
The parties also filed various other motions seeking to enforce
provisions of the original decree of divorce, including motions for contempt.

          The
modification was resolved in part by a mediated settlement agreement.  The remaining issues were tried to the trial
court.  The trial court entered its order
modifying the parent-child relationship in December 2009, at which time it also
denied the motions to enforce, stating it was not in the best interest of the
child “to find either parent in contempt of court at this time.”




 

Equal Protection

          In
her first issue,[1]
Dr. Du Bois contends that the trial court’s order that she, a divorced, African
American, female Kansas resident, install “surveillance equipment in [her]
private home” is an “equal protection violation under both the U.S.
Constitution and the Texas constitution.”[2]

          The
trial court’s order provides:

          IT IS
ORDERED that either parent may provide the child a web cam or SKYPE camera for
the child’s laptop computer.  If Arthur
Williams III provides such device, Jacqueline C. Dubois is Ordered to install
or cause it to be installed on the child’s computer located in her home.  This Order
is designed to allow the child and his father visual communication.

 

          IT IS
ORDERED that either parent may provide the child a web cam or SKYPE camera for
the child’s laptop computer.  If
Jacqueline C. Dubois provides such device, Arthur Williams III is Ordered to install or cause it to be
installed on the child’s computer located in his home.  This Order
is designed to allow the child and his mother visual communication.

 

          Equal protection provides that “all
persons similarly situated should be treated alike.”  Sanders
v. Palunsky, 36 S.W.3d 222, 224–25 (Tex. App.—Houston [14th Dist.] 2001, no
pet.) (quoting City of Cleburne v.
Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3253–54 (1985)).  There are two elements that a person claiming
an equal protection violation must show: (1) the person was treated differently
than other similarly-situated persons; and (2) the person was treated
differently without a reasonable basis.  Id. at 225. 

          Dr.
Du Bois does not address either of these elements.  She does not identify any similarly situated
persons or how she was treated differently than those persons.  Nor does she address whether there was a
reasonable basis for her to be treated differently.  Additionally, the portion of the order that she
asserts is an equal protection violation applies equally to both her and Mr.
Williams; they are not treated differently. 
We have reviewed the record and found no support for either of the
elements of an equal protection claim. 
Accordingly, we conclude that she has not shown an equal protection
violation.[3]

          We
overrule Dr. Du Bois’s first issue. 




 

Right to a Jury Trial

          In
her second issue, Dr. Du Bois contends that she was denied her right to a jury
trial and that she did not waive the right to a jury trial.

          In
her brief, Dr. Du Bois specifically asserts that the trial court erred when it
“concluded that all issues, including the contempt allegations” should be
decided by the trial court and not a jury. 
Dr. Du Bois attended mediation and signed a “Binding Mediated Settlement
Agreement” that covered the entire dispute between the parties except for the
motions for sanctions and for contempt.  Concerning
the contempt allegations, “[t]here is no absolute right to a jury trial in a
contempt proceeding.”  In re Hammond, 155 S.W.3d 222, 226 (Tex.
App.—El Paso 2004, orig. proceeding) (citing Muniz v. Hoffman, 422 U.S. 454, 475–77, 95 S. Ct. 2178, 2190–91
(1975); Ex parte Werblud, 536 S.W.2d
542, 546–47 (Tex. 1976)).  Accordingly,
we conclude that Dr. Du Bois was not unconstitutionally denied her right to a
jury trial.

          We
overrule her second issue.

Management of the Child’s
Estate

          In
her third issue, Dr. Du Bois contends, “To the detriment of the child, the
lower court has blindly given Mr. Williams the potential opportunity to benefit
from and or loot estates created directly or indirectly by Dr. Du Bois or a
member of her family.”  The trial court’s order states,  

IT IS ORDERED that, at all times, ARTHUR WILLIAMS, III,
as a parent possessory conservator, shall have the following rights and duties:

 

 . . . . 

 

10. The right to manage the estate of the child to the
extent the estate has been created by the parent or the parent’s family.

 

. . . .

 

IT IS ORDERED that JACQUELINE C. DUBOIS, as sole managing
conservator, shall have the following exclusive rights and duties:

 

. . . . 

 

9. The duty to manage the estate of the child to the
extent the estate has been created . . . by community property or the joint
property of the parents.

 

Dr. Du Bois
contends that this language deprives her and her family of “their free will by
injecting Mr. Williams as a pseudo executor and or administrator in any Last
Will and Testament of not only Dr. Du Bois but also those of any member of her
family listing her or her son as beneficiary.” 
She also asserts that it would not be in the best interest of the child
to have Mr. Williams “serve in any fiduciary role on [her or her family’s]
behalf.”

          To the extent Dr. Du Bois contends the
trial court erred by including this language in the order, we note that she did
not call this purported error to the trial court’s attention.  Having failed to bring her complaint to the
trial court’s attention, she has not preserved this issue for review.  See
Tex. R. App. P.
33.1(a)(1).

          To the extent Dr. Du Bois contends the
language may cause problems in the future,[4]
this Court lacks jurisdiction over that complaint.  Ripeness
is a component of subject matter jurisdiction.  Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850 (Tex.
2000).  To
determine ripeness, we consider whether the facts are sufficiently developed
“so that an injury has occurred or is likely to occur, rather than being
contingent or remote” at the time the suit is filed.  Harris
Cnty. Mun. Util. Dist. No. 156 v. United Somerset Corp., 274 S.W.3d 133, 139
(Tex. App.—Houston [1 Dist.] 2008, no pet.) (citing Gibson, 22 S.W.3d at 851–52).  “A claim is not ripe if it concerns ‘uncertain
or contingent future events that may not occur as anticipated or may not occur
at all.’” Id. (citing Gibson,
22 S.W.3d at 852).  A claim is not ripe when
the plaintiff’s injury “depends on contingent or hypothetical facts, or upon
events that have not yet come to pass.”  Id. (citing Gibson, 22 S.W.3d at 852). 
Dr. Du Bois does not assert that the language of the order is causing a
problem; she asserts that it may
cause a problem in the future. 
Accordingly, we conclude the claim is not ripe and this Court lacks
jurisdiction.

          Dr. Du Bois also argues that the
“contrasting language [of the two portions of the order] favors Mr. Williams, a
male resident of Texas, and indicates different treatment of Dr. Du Bois, a
female domiciled in Kansas under very similar circumstances.”  To the extent Dr. Du Bois argues this is an
equal protection violation, we disagree.[5]  As stated above, an equal protection claim
requires a showing that a person was treated differently from those similarly
situated without a rational basis.  Sanders,
36 S.W.3d at 225.  Dr. Du Bois does not
identify any evidence to support either of these requirements of an equal
protection claim.  Furthermore, the
record conclusively establishes that Dr. Du Bois and Mr. Williams are not similarly situated.  Dr. Du Bois is the sole managing conservator
of the child; Mr. Williams is a possessory conservator.  These different types of conservatorship
involve different rights and duties, which the trial court was required to
specify in the order.  See Tex. Fam. Code Ann. § 153.071 (West 2008) (requiring court to specify
the rights and duties of each parent if both parents are appointed conservators
of the child).

          We overrule Dr. Du Bois’s third issue.

Denial of Motion for
Contempt

          In
her fourth issue, Dr. Du Bois asserts that the trial court erred by not holding
Mr. Williams in contempt for violating provisions of the trial court’s order
concerning possession of their son and child support.  Specifically, she asserts that “if Mr.
Williams is not held accountable for his infractions; they will continue.” 

          Texas Rule of
Appellate Procedure 38.1(i) requires that an appellant’s brief “contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.”  Tex. R. App. P. 38.1(i).  “Rule 38 requires [a party] to provide us
with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue.” 
Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d
118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  “This is not done by merely uttering brief
conclusory statements, unsupported by legal citations.”  Id. 
“Issues on appeal are waived if an appellant fails to support his
contention by citations to appropriate authority . . . .”  Abdelnour v. Mid Nat’l Holdings, Inc.,
190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Similarly, appellate issues are waived when
the brief fails to contain a clear argument for the contentions made.  Izen v. Comm’n for Lawyer Discipline, 322 S.W.3d 308,
322 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

          Within this section of her
brief, Dr. Du Bois does not cite any authority concerning the trial court’s
power to hold a party in contempt nor does she cite any authority concerning
this Court’s standard or scope of review of such an order.  Accordingly, we hold that this issue is waived due to
inadequate briefing.  See Abdelnour, 190 S.W.3d
at 241. 

          We
overrule Dr. Du Bois’s fourth issue.

Denial of Motion for
Sanctions

          In her
fifth issue, Dr. Du Bois asserts that the trial court erred by failing to award
her attorney’s fees and costs related to Mr. Williams’s and his attorney’s
discovery abuse.

          “[T]he failure to
obtain a pretrial ruling on discovery disputes that exist before commencement
of trial constitutes a waiver of any claim for sanctions based on that
conduct.”  Remington Arms Co. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993).  The record does not contain a motion for
sanctions or a trial court’s ruling on sanctions.  We note that Dr. Du Bois included an order on
the motion to compel discovery and for sanctions in the appendix to her
brief.  We cannot, however, consider
items attached to a brief that are not formally included as part of the record
on appeal.  Sowell v. Kroger Co., 263 S.W.3d 36, 38 (Tex. App.—Houston
[1st Dist.] 2006, no pet.).  Thus, Dr. Du Bois has presented nothing for
review.  See Remington
Arms Co., 850 S.W.2d at 170;
see also Ortegon v. Benavides, No.
04-05-00768-CV, 2008 WL
577175, at *11 (Tex. App.—San Antonio June 13, 2008, no
pet.) (holding denial of sanctions waived when record did not show trial court
ruled on motion for sanctions) (citing Tex.
R. App. P. 33.1(a)(2)).

          We
overrule Dr. Du Bois’s fifth issue.




 

Referral to Mediation

          In
her sixth issue, Dr. Du Bois contends that she “should not have been forced
into participating in mediation, and under no circumstance should she have had
to endure the process three times.” 
Within this issue, Dr. Du Bois also asserts the choice of a mediator was
improper because Mr. Williams’s counsel had a close relationship to the
mediator and complains that the mediator did not divulge, upon request, a
purported relationship with Mr. Williams’s counsel.

          Within
this section of her brief, Dr. Du Bois does not cite a single authority
concerning the trial court’s power to appoint a mediator or this Court’s
standard of review concerning such a decision. 
She also does not cite any record excerpts to show that the mediation
occurred three times.  Nor does she cite
any portion of the record showing that she objected to the trial court to
mediation generally, to the particular mediator, or to the mediator’s purported
lack of disclosure.  Accordingly, we hold that
this issue is waived due to inadequate briefing.  See
Abdelnour, 190 S.W.3d at 241. 

          We
overrule Dr. Du Bois’s sixth issue.

Best Interest of the Child

          In her seventh
issue, Dr. Du Bois contends that the trial court did not take into account the best interest of
the child in entering the order modifying the parent-child relationship.

          We review a
trial court’s decision modifying the parent-child
relationship for an abuse of discretion.  Stamper v. Knox, 254 S.W.3d 537,
542 (Tex. App.—Houston [1st Dist.] 2008, no pet.)  A trial court abuses its discretion when it
acts in an arbitrary or unreasonable manner, without reference to any guiding
rules or principles.  Id. 
The Texas Family Code allows a trial court to modify an order concerning
conservatorship “if modification would be in the best interest of the child.”  Tex.
Fam. Code Ann. § 156.101 (West Supp. 2010).  The court’s primary consideration is the best interest of the child when
determining the issues of conservatorship.  See Tex.
Fam. Code Ann. § 153.002 (West 2008).  The Texas Supreme Court has provided a
non-exhaustive list of factors to consider when determining the best interest
of the child.  Holley
v. Adams, 544 S.W.2d 367,
371–72 (Tex. 1976); see Zeifman v.
Michels, 212 S.W.3d 582,
595 (Tex. App.—Austin 2006, pet. denied) (applying factors in a conservatorship
modification case).  These factors are: (1)
the desires of the child; (2) the emotional and physical needs of the child now
and in the future; (3) the emotional and physical danger to the child now and
in the future; (4) the parental abilities of the individuals seeking custody;
(5) the programs available to assist these individuals to promote the best
interest of the child; (6) the plans for the child by these individuals or the
agency seeking custody; (7) the stability of the home or proposed placement;
(8) the acts or omissions of the parent which may indicate that the
parent-child relationship is not a proper one; and (9) any excuse for the acts
or omissions of the parent.  Holley, 544 S.W.2d at 371–72.

          Dr. Du Bois
does not cite or address any of the Holley
factors or any record evidence relevant to those factors.  Thus, the issue is waived due to inadequate
briefing.  See Abdelnour,
190 S.W.3d at 241.  However, we also note
that the modification was resolved by binding mediation.  Therefore, the only record before this Court
concerns the motions for enforcement and for contempt.  Because the trial court entered its order
based on the mediated settlement agreement and the record contains no record
concerning any of the Holley factors,
we cannot conclude that the trial court abused its discretion.[6]

          We overrule Dr. Du Bois’s seventh
issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.











[1]           In her brief, Dr. Du Bois lists 12
issues in a section entitled “Issues Presented.”  However, in the argument section of her brief
there are seven headings listing the issues she briefs.  We address the issues as set forth in the
argument section of her brief.  See Tex. R. App. P. 38.1(f), (i) (requiring a brief
to contain both a statement of issues presented and “a clear and concise
argument for the contentions made”). 

 





[2]           Dr. Du Bois also argues, “Unless
probable cause exists and an applicable warrant/affidavit is properly issued,
any government sanctioned installation of a web cam or SKYPE camera in the home
of Dr. Du Bois is an invasion of privacy.” 
She, however, cites no authority and makes no attempt to further argue
or analyze this point.  Therefore, any
error based upon an “invasion of privacy” is waived.  See
Tex. R. App. P. 38.1(i).





[3]           We also note that Dr. Du Bois did not
raise an equal protection claim before the trial court.  “As a rule, a claim, including a
constitutional claim, must have been asserted in the trial court in order to be
raised on appeal.”  Tex. Dep’t of Protective & Regulatory Servs. v. Sherry, 46
S.W.3d 857, 861 (Tex. 2001) (quoting Dreyer
v. Greene, 871 S.W.2d 697, 698 (Tex. 1993)). 





[4]           Nothing in the record shows that Mr.
Williams is attempting to exert control over a portion of the child’s estate
that was created by Dr. Du Bois or her family. 
In fact, in his brief, Mr. Williams asserts that the language of the
order only applies to an estate created by him or his family members. 





[5]           We also note that, like her other
equal protection claim, this one was not raised before the trial court.  See n.4,
supra.  





[6]           We also note that several of the
complaints Dr. Du Bois makes about the order appear to relate to what could happen in the future, not to any
current controversy.  For example, as the
first argument within this section of her brief, Dr. Du Bois asserts:

 

The court below
would give a known sex offender increments of 30, 40, and 10 days to formulate
and carry out a plan to sexually abuse the child.  This is definitely not in the best interest
of the child.  While this section may be
standard jargon placed in all such orders, here it should not be glazed
over.  Mr. Williams married Lisa Chenevert
approximately two months before he went to federal prison.  She obtained a real estate license[] to
replaces the one the State of Texas revoked from Mr. Williams.  They have continued much of the same criminal
escapades that landed Mr. Williams in jail and together have massed property,
automobiles and realty, often through a straw man scheme, in excess of
$1,000,000.  Divorce is commonplace, and
based on the convenience of his current marriage, it is not unfathomable that for the right price Mr. Williams could become involved with and or [sic]
marry a known sex offender.

 

            (Emphasis
added, record citations omitted).

 

            Because
Dr. Du Bois complains of hypothetical events that could possibly come to pass
in the future, this argument is not ripe. 
See Harris Cnty. Mun. Util. Dist. No. 156
v. United Somerset Corp.,
274 S.W.3d 133, 138 (Tex. App.—Houston [1 Dist.] 2008, no pet.) (citing Waco
Indep. Sch. Dist. v. Gibson, 22
S.W.3d 849, 850 (Tex. 2000)).