**William Terence DUNCAN, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 12–99–00285–CV.

Court of Appeals of Texas, Tyler.

Nov. 23, 1999.

John E. Trube, Tyler, for appellant.

James W. Morris, III, Kevin M. Givens, Austin, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

PER CURIAM.

William Terence Duncan was arrested for Driving While Intoxicated in December of 1998. Thereafter, a hearing was held at the State Office of Administrative Hearings ("S.O.A.H.") in Tyler, Smith County. This hearing concerned the possible suspension of Duncan's driver's license resulting from his D.W.I. arrest. The Administrative Judge granted the Texas Department of Public Safety (the "T.D.P.S.") the authority to suspend Duncan's license. An appeal of that decision was timely filed in the County Court at Law, Smith County. Subsequent to the filing of the appeal, the T.D.P.S. filed a motion to dismiss for lack of jurisdiction, to which Duncan responded. The court, without argument or hearing, granted the T.D.P.S.'s motion, and denied Duncan's motion for new trial. We will affirm the trial court's dismissal for lack of jurisdiction.

Section 524.041 of the Texas Transportation Code allows for an appeal of any S.O.A.H. Order and provides procedural rules for that appeal, as follows:

(a) A person whose driver's license suspension is sustained may appeal the decision by filing a petition not later

than the 30th day after the date the administrative law judge's decision is final.' The administrative law judge's final decision is immediately appealable without the requirement of a motion for rehearing.

 (b) *A petition under Subsection (a) must be filed in a county court at law in the county in which the person was arrested or*, if there is not a county court at law in the county, in the county court .... (emphasis added)

TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999).

When the T.D.P.S. filed its motion to dismiss, it argued that Duncan failed to state the facts which would affirmatively demonstrate the court's jurisdiction to hear the cause. More specifically, Duncan did not plead that he was arrested in Smith County. In his response, Duncan maintained that it was a venue, rather than jurisdictional, question. Neither party offered evidence as to where the arrest occurred.

 ■ Any statute which lodges in the courts of a single county the exclusive power to try a certain type of case is jurisdictional, not a matter of venue. *See Poynor v. Bowie Independent School Dist.,* 627 S.W.2d 517 (Tex.App.—Fort Worth 1982, writ dism'd w.o.j.). Specifically, the requirement that an appeal from a S.O.A.H. order must be filed in the county in which the arrest occurred is jurisdictional in nature. *Texas Dep't of Public Safety v. Dierschke,* 952 S.W.2d 634, 637 (Tex.App.—Austin 1997, no writ).

 ■ In order for a court to act, it is a fundamental principle that it must first have jurisdiction to do so. *Drew v. State,* 765 S.W.2d 533, 535 (Tex.App.—Austin 1989), *pet. dism'd,* 805 S.W.2d 451 (Tex.Cr. App.1991). Subject matter jurisdiction relates to the portion of the judicial power assigned to a tribunal, that is, the type of controversies which it is authorized to consider and determine. *Eichelberger v. Ei-*

*chelberger,* 582 S.W.2d 395, 398–400 (Tex. 1979). This power is allocated by the constitution and by statutes enacted pursuant to it. TEX. CONST. art. V, §§ 1, 8, 16, 19; *Strawder v. Thomas,* 846 S.W.2d 51, 61 (Tex.App.—Corpus Christi 1992, no writ). Any judicial action by a court without jurisdiction is void. *Bell v. Moores,* 832 S.W.2d 749, 754 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Generally, the only order which a court properly may enter on discovering its lack of jurisdiction of the subject matter is to dismiss the cause. *Fenno v. Sam Reece Air Conditioning & Heating, Inc.,* 572 S.W.2d 810, 811 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). Jurisdiction over the subject matter of the action cannot be conferred or taken away by consent or waiver, and the lack of jurisdiction may be raised at any time. *Texas Assoc. of Business v. Texas Air Control Bd. and Texas Water Comm'n,* 852 S.W.2d 440, 443–44 (Tex. 1993); *Bloom v. Bloom,* 935 S.W.2d 942, 948 (Tex.App.—San Antonio 1996, no writ). Lack of subject matter jurisdiction is a nonwaivable defect, and can be raised at any point of an appeal, by any litigant or by the court sua sponte, regardless of whether the complaint was preserved in the trial court. *H.E.Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied).

 ■ Attached to its Appellee's brief, the T.D.P.S. provided this Court with a copy of the Administrative Decision in the original proceeding before the Administrative Judge. In that document, the findings of fact clarify that Duncan was arrested, after refusing a breath or blood test, in Van Zandt County. Although this evidence was not offered at the trial court level, and is not in the appellate record, it is plainly cognizable by this Court. *See Roach v. Roach,* 672 S.W.2d 524, 533 (Tex.App.—Amarillo 1984, no writ) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.").

From the reading of the Administrative Decision, the County Court at Law in Smith County did not have jurisdiction to hear the case. We hold, therefore, that the trial court did not err when it dismissed Duncan's petition for lack of jurisdiction. Accordingly, we affirm the judgment of the trial court.