# NO. 12-09-00206-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUSK STATE HOSPITAL, THE STATE OF TEXAS AND THE TEXAS DEPARTMENT OF STATE HEALTH SERVICES,*<br>*APPELLANTS* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DENNIS BLACK AND PAM BLACK, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF TRAVIS BONHAM BLACK, DECEASED,*<br>*APPELLEES* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Travis Black, a patient at Rusk State Hospital (the "Hospital"), died from asphyxiation caused by a plastic bag placed over his head and secured about his neck. Travis's parents brought a health care liability claim alleging the Hospital negligently allowed Travis access to the plastic bag used in his suicide or murder. The Hospital moved to dismiss contending that the Blacks' expert reports were deficient. The trial court overruled the Hospital's motion, and the Hospital brought this interlocutory appeal. In two issues, the Hospital contends that the trial court abused its discretion in denying the motion to dismiss and that the trial court lacked jurisdiction because the Blacks' pleadings did not demonstrate a waiver of sovereign immunity. We dismiss in part and reverse and remand in part. We do not determine the jurisdictional issue.

**BACKGROUND**

Travis Black suffered from paranoid schizophrenia and was a patient at the Rusk State Hospital. On December 20, 2006, a staff member found Travis lying face up on his bed with a plastic bag over his head secured by a rubber band about his neck. Resuscitative efforts were unsuccessful. His body bore no evidence of significant trauma. One of several letters found in his pockets asked "that if he should die" certain letters and electronic messages be sent to President Bush. Delbert Van Dusen, M.D. performed an autopsy on the body and concluded that Travis's death resulted from asphyxia due to suffocation. The autopsy report shows the manner of death to be suicide.

The Blacks filed a health care liability suit against the Hospital. They alleged Travis's death resulted from the Hospital's negligence in providing Travis a plastic bag or allowing him access to one. This, they contended, was a violation of the Hospital's own policy defining a plastic bag as contraband because plastic bags are inherently dangerous in an inpatient psychiatric setting. The Blacks also alleged that the Hospital refused to allow Travis to sleep during the daytime or to prescribe appropriate medication to help him sleep at night. The Blacks claimed that the Hospital was deliberately indifferent to Travis's medical and psychiatric needs. The Blacks also alleged that his death resulted from a condition, use, or misuse of personal property by the Hospital. The filing of the health care liability claim required the Blacks' compliance with the expert report requirements of Texas Civil Practice and Remedies Code section 74.351.

Within 120 days of filing suit, the Blacks served on the Hospital the report of Dennis Combs, Ph.D., together with the relevant business records of Southeast Texas Forensic Center, Inc. Those records included a copy of the autopsy report of Dr. Van Dusen. The Hospital timely filed objections contending the reports filed by the Blacks were inadequate to comply with section 74.351 and moved that the claim be dismissed. The trial court overruled the Hospital's motion, and the Hospital filed this interlocutory appeal.

**JURISDICTION**

In its second issue, raised for the first time in its reply brief, the Hospital challenges the trial court's jurisdiction. Although the Hospital did not raise the issue in the trial court, it

contends here that the Blacks have failed in their burden of demonstrating the trial court's jurisdiction because they have not alleged a valid waiver of sovereign immunity. The Blacks counter that they have alleged that Travis's death arose from a condition or use of personal property, the plastic bag that caused his suffocation. This, they argue, is a sufficient allegation of the waiver of sovereign immunity. Therefore, the Blacks insist, this court has no jurisdiction to review a claim not raised in the Hospital's motion to dismiss or ruled on by the trial court.

## Waiver of Sovereign Immunity

In a suit against a governmental unit, the plaintiff bears the burden of demonstrating the court's jurisdiction by alleging a valid waiver of sovereign immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

The Tort Claims Act does not provide a waiver of sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005). Nor is immunity waived when a governmental unit "allows someone else to use the property and nothing more[,]" even if suicide is the result. *Dallas County v. Posey*, 290 S.W.3d 869, 871-72 (Tex. 2009). In the *Dallas County* case, the officers placed Posey in a holding cell where there was an inoperable corded telephone. Posey used the telephone cord to hang himself. The Texas Supreme Court held that the incident did not arise from the county's use of property. *Id*. Similarly, in *San Antonio State Hospital v. Cowan*, 128 S.W.3d 244 (Tex. 2004), the supreme court held that the hospital's immunity was not waived by its providing suspenders and a walker to a patient who later used them to hang himself, because it was the patient, not the hospital, who used the property. *Id.* at 246.

## Jurisdiction on Interlocutory Appeal

Unless there is a statute specifically authorizing an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985).

Texas Civil Practice and Remedies Code section 51.014 lists certain types of orders that are immediately appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon 2008). Among those are an order of the trial court that "grants or denies a plea to the jurisdiction by a governmental unit" and an order that "denies all or part of the relief sought by a motion under Section 74.351(b) . . . ." *Id.* § 51.014(a)(8), (9). Section 74.351(b) provides for dismissal

3

on motion of the defendant for failure to serve an expert report required for each health care provider. *See id*. § 74.351(b) (Vernon Supp. 2009). Section 51.014 is a narrow exception to the general rule that only final judgments and orders are appealable; therefore we must strictly construe what can be considered in an interlocutory appeal. ***Bally Total Fitness Corp. v. Jackson***, 53 S.W.3d 352, 355 (Tex. 2001); ***City of Dallas v. First Trade Union Sav. Bank***, 133 S.W.3d 680, 686-87 (Tex. App.–Dallas 2003, pet. denied).

## Discussion

It is axiomatic that subject matter jurisdiction may not be waived and may be raised for the first time on appeal from a *final* judgment. ***Tex. Ass'n of Bus. v. Tex. Air Control Bd.***, 852 S.W.2d 440, 443 (Tex. 1993) (direct appeal of judgment in administrative matter to supreme court following bench trial). It is the Hospital's position that it may raise the trial court's jurisdiction in this *interlocutory* appeal, even though jurisdiction was not raised or ruled upon in the trial court, and despite the specific statutory language of subsection (a)(8).

Section 51.014(a)(8) authorizes an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit . . . ." Several courts interpreting this subsection have held that the courts of appeals have no jurisdiction to review any such claims not raised or ruled upon in the trial court. *See, e.g., **Austin Indep. Sch. Dist. v. Lowery***, 212 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet denied). The court in ***Lowery*** explained as follows:

> Because our jurisdiction in the interlocutory appeal is limited, we confine our review to the ruling on the plea to the jurisdiction that was actually filed and do not address whether the district court erred in denying the plea on a ground that was not argued below. Although subject matter jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment, section 51.014(a)(8) of the civil practice and remedies code does not grant this Court jurisdiction to review claims that were neither included in the plea to the jurisdiction nor considered by the district court.

*Id*. (citations omitted); *see also **Scott v. Alphonso Crutch Life Support Ctr.***, No. 03-06-00003-CV, 2009 Tex. App. LEXIS 5111, at *20-21 (Tex. App.–Austin July 2, 2009, no pet.) (mem. op.); ***Clear Lake City Water Auth. v. Friendswood Dev. Co***., 256 S.W.3d 735, 747 (Tex. App.–Houston [14th Dist.] 2008, pet. dism'd); ***City of Celina v. Dynavest Joint Venture***, 253 S.W.3d 399, 404 (Tex. App.–Austin 2008, no pet.); ***Univ. of Tex. v. Estate of Arancibia***, 244 S.W.3d 455, 461-62 (Tex. App.–Dallas 2007, no pet.); ***Kinney County Groundwater Conserv. Dist. v.***

*Boulware*, 238 S.W.3d 452, 461 (Tex. App.–San Antonio 2007, no pet.); *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 61 (Tex. App.–Houston [14th Dist.] 2005, no pet); *City of Dallas*, 133 S.W.3d at 686-87.

In this appeal, the Hospital cites section 51.014(9) as the source of this court's jurisdiction. It also urges that jurisdiction may be considered by the reviewing court if an interlocutory appeal is taken on any other ground authorized by statute. The cases cited by the Hospital do not support its argument. Unlike the case here, the cases cited by the Hospital are appeals from final judgments or interlocutory appeals wherein the trial court had granted or denied a plea to the jurisdiction raised by the governmental unit. In *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser*, 140 S.W.3d 351 (Tex. 2004), cited extensively by the Hospital, the trial court had two opportunities to confront the question of jurisdiction. First, the trial court denied the University Medical Center's motion for summary judgment, which raised the issue of jurisdiction. *Id*. at 354. While the case was still pending, the legislature added subsection (8) to section 51.014(a) allowing interlocutory appeals from orders granting or denying a plea to the jurisdiction by a governmental unit. The University then reurged the point to the trial court as a plea to jurisdiction. *Id*. at 355. In our case, the trial court had no chance to rule on the issue of jurisdiction.

In *Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006), Long filed suit against Sheriff Thomas seeking a declaratory judgment that she was entitled to return to work immediately with no loss of seniority or benefits and without taking a test for physical ability. Long moved for partial summary judgment on her declaratory judgment action. Sheriff Thomas filed a cross-motion for summary judgment arguing the trial court's lack of subject matter jurisdiction over Long's claims. The trial court rendered partial summary judgment in favor of Long. *Id*. at 336-37. The supreme court held that interlocutory appeal was proper despite the absence in the record of an order explicitly denying a plea to jurisdiction. "Thomas's summary judgment motion clearly challenged the trial court's subject matter jurisdiction." *Id*. at 339. "The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, "*irrespective of the procedural vehicle used.*" *Id.* (emphasis added). When the trial court ruled on the merits of Long's claims by granting partial summary judgment, it implicitly rejected Sheriff Thomas's jurisdictional challenge. *Id.* at 341. In our case, as opposed

5

to *Thomas*, the Hospital did not raise the issue of jurisdiction by motion for summary judgment or any other procedural vehicle. Therefore, the trial court ruled only on the adequacy of the expert reports, not on the merits.

In *Duncan v. Texas Department of Public Safety*, 6 S.W.3d 756 (Tex. App.–Tyler 1999, no pet.), a motorist attempted to appeal the administrative suspension of his license based on his Van Zandt County arrest to the County Court at Law of Smith County. The trial court granted the Department's motion to dismiss for lack of jurisdiction. *Id*. at 757. *Duncan* is similarly distinguishable from the case at bar. The trial court in *Duncan* ruled on the jurisdictional challenge. Moreover, *Duncan* was not an interlocutory appeal. *See id*.

In *Waco Independent School District v. Gibson*, 22 S.W.3d 849 (Tex. 2000), the trial court, after a hearing, granted WISD's plea to the jurisdiction as to all but one of the plaintiff's claims. The supreme court held that on interlocutory appeal, WISD could add standing and ripeness challenges to its original assertion that the trial court lacked jurisdiction because the Gibsons had failed to exhaust their administrative remedies before bringing suit. The supreme court noted, however, that "the trial court record is replete with the district's assertions that the Gibsons' claim was not ripe." *Id*. In the case at bar, the Hospital urged no jurisdictional challenge of any kind in the trial court. Two additional cases cited by the Hospital, *Harris County Municipal District No. 156 v. United Somerset Corp.*, 274 S.W.3d 133 (Tex. App.–Houston [1st Dist.] 2008, no pet.), and *City of Houston v. Northwood Municipal District No. 1*, 73 S.W.3d 304 (Tex. App.–Houston [1st Dist.] 2001, pet. denied), are similarly distinguishable. In both, the trial court rejected a plea to the jurisdiction. On appeal, the governmental entity was allowed to raise an additional jurisdictional challenge. *Harris County*, 274 S.W.3d at 135, 137; *City of Houston*, 73 S.W.3d at 307, 313.

The cases cited by the Hospital do not address whether a governmental entity can raise a jurisdictional challenge for the first time in an interlocutory appeal. The cases we have cited above support a contrary conclusion in an interlocutory appeal challenging the denial of a plea to the jurisdiction. *See, e.g., Lowery*, 212 S.W.3d at 834; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). We are not persuaded that a different rule applies when an interlocutory appeal is brought under subsection (a)(9). Consequently, we hold that the weight of authority

precludes our consideration on interlocutory appeal of jurisdictional challenges not presented to or ruled on by the trial court. We decline to address the Hospital's second issue.

**SUFFICIENCY OF EXPERT REPORTS**

The Hospital maintains that the expert reports served by the Blacks, even when read together, fail to comply with section 74.351 in the following respects:

(1) The report by Dr. Combs, a psychologist, cannot serve to show (a) how it failed to meet the applicable standard of care and (b) the causal relationship between that failure and Travis's death because Dr. Combs is not a physician "qualified to render opinions on such causal relationship under the Texas Rules of Evidence." *See* § 74.351(r)(5)(C).

(2) The business records of the Southeast Texas Forensic Center, Inc. containing the autopsy signed by Dr. Van Dusen, although establishing the cause of death as asphyxiation, also fails to show how the Hospital breached the applicable standard of care. Nor do they explain the causal relationship between that failure and Travis's death. Moreover, there is no showing that Dr. Van Dusen is a physician licensed to practice medicine in Texas.

(3) The reports do not attempt to address three of the five claims stated in the Blacks' petition.

The Blacks contend that the expert reports, taken together, satisfy the statutory requirements.

**Standard of Review and Applicable Law**

Appellate courts review a trial court's determination of the adequacy of an expert report for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Shaw v. BMW Healthcare, Inc.,* 100 S.W.3d 8, 12 (Tex. App.–Tyler 2002, pet. denied). Under an abuse of discretion standard, appellate courts defer to a trial court's factual determinations, but review questions of law de novo. *Shaw*, 100 S.W.3d at 12.

In a health care liability claim, the claimant "shall . . . serve on each party, or the party's attorney, one or more expert reports with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009). The statute defines an "expert report" as

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id*. § 74.351(r)(6) (Vernon Supp. 2009). If no report is served within 120 days after the original petition was filed, the trial court, on the defendant's motion, must dismiss the claim with prejudice to its refiling. *Id*. § 74.351(b)(2). The trial court's order should also award the defendant reasonable attorney's fees and costs. *Id*. § 74.351(b)(1). However, even if the claimant files an expert report within 120 day period, it cannot be considered "served" if it is inadequate because elements of the report are found deficient. *Id*. § 74.351(c) (Vernon Supp. 2009); *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008).

The defendant may challenge the report as being so insufficient that it represents no report at all, and move to dismiss. The statute allows three possible resolutions of the defendant's motion. First, if the trial court determines that elements of the report are deficient, it may grant the claimant one thirty day extension in which to cure the deficiency. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). An interlocutory appeal may not be taken from an order granting a thirty day extension. *Id*. § 51.014(a)(9). Second, the trial court may, after hearing, grant the defendant's motion and dismiss the case and assess attorney's fees and costs against the claimant. However, the trial court shall grant the motion only if it determines "that the report does not represent an objective good faith effort to comply with the definition of an expert report in subsection (r)(6)." *Id*. § 74.351(*l*) (Vernon Supp. 2009). The claimant has the right to an interlocutory appeal of the adverse order. *Id***. § 51.014(a)(10). The trial court's third option is to deny the defendant's motion. Section 51.014(a)(9) provides for an interlocutory appeal from an order denying a defendant relief under section 74.351(b).

8

In assessing the report's sufficiency, a trial court may not draw any inferences; the only information relevant to the inquiry is within the four corners of the document. *Palacios*, 46 S.W.3d at 878-79. Although the report need not marshal all of a plaintiff's proof, it must include the expert's opinions on the three statutory elements: standard of care, breach of the standard, and the causal relationship between the breach and the harm. *Id.* at 878; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). In detailing these elements, the report must provide enough information to fulfill two purposes if it is to constitute a "good faith effort." *Id*. at 878-79. First, the report must inform the defendant of the specific conduct that the plaintiff has called into question. *Id*. Second, the report must provide a basis for the trial court to conclude that the claims have merit. *Id*. A report that merely states the expert's conclusions as to the standard of care, breach, and causal relationship does not fulfill these two purposes. *Id*. Rather, the expert must explain the basis of his statements and link his conclusions to the facts. *Id*. The report, however, can be informal, and information does not have to meet the same requirements as evidence offered in a summary judgment proceeding or at trial. *Id*. One who seeks to offer an "expert" opinion about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the standard of care must be "a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(5)(C). "Physician" means a person licensed to practice medicine in this state. *Id*. § 74.001(a)(23)(A) (Vernon 2005).

The reports of multiple experts may be read together, if possible, to satisfy the expert report requirement. *Lewis*, 253 S.W.3d at 208. A report by an unqualified expert will sometimes reflect a good faith effort sufficient to justify a thirty day extension. *See In re Buster*, 275 S.W.3d 475, 477 (Tex. 2009) (nurse's report expressing opinion on causation constituted good faith effort); *Leland v. Brandal*, 257 S.W.3d 204, 208 (Tex. 2008) (remanding to trial court to determine whether claimant was entitled to thirty day extension to cure defective expert report). A claimant may cure a deficiency by serving a report from a new expert. *In re Buster*, 275 S.W.3d at 477.

**Discussion**

In this case, neither the Combs report nor the autopsy report attempts to address three of the Blacks' claims. They contain no reference to the claim that (1) the Hospital refused to allow

Travis to sleep during the daytime, (2) that it refused to prescribe appropriate medication, and (3) that it was indifferent to Travis's medical needs. No report addresses the Blacks' claims against the Texas Department of Health Services or the State of Texas. The total absence of a report cannot be cured by filing a new report, and the trial court had no discretion but to dismiss the unaddressed claims. *See Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006). We agree with the Hospital that these claims must be dismissed, and sustain this portion of the Hospital's first issue.

The two claims in which the Blacks allege the Hospital negligently allowed Travis access to a plastic bag were addressed in the timely filed report of Dennis Combs. The report details the appropriate standard of care and the Hospital's conduct that breached that standard. Combs explains the causal relationship between that breach, allowing Travis access to a plastic bag, and his suffocation death caused by a plastic bag.

Combs has extensive training and experience in the diagnosis and treatment of mental disorders. He is a licensed psychologist in the State of Texas, and a member of the National Register of Health Care Providers in Psychology. His clinical specialty is the diagnosis and treatment of schizophrenia and other psychotic disorders. He has served as supervising or consulting psychologist at numerous mental health facilities. Combs's credentials entitle him to express his opinion on the appropriate care standard and how the Hospital transgressed that standard. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.402 (Vernon 2005).

Combs, however, is not a physician. The Hospital correctly asserts that he is not qualified under section 74.351(r)(5)(C) to offer an opinion on the causal relation between the Hospital's breach and Travis Black's death. The autopsy report does not remedy the deficiency. Although it clearly states the manner of death, it does not address the causal relationship between the Hospital's conduct and Travis's death.

The causal connection between allowing a mental patient access to a plastic bag and his suffocation death from such a bag placed over his head seems too obvious to require explanation. But case law firmly admonishes the courts that, in assessing the sufficiency of expert reports, their inquiry is limited to information in the document. The trial court is to draw no inferences, no matter how unassailable. Therefore, without a physician's explicit relation of the Hospital's

10

alleged violation of the standard of care to Travis Black's death, the reports are insufficient. The trial court abused its discretion in holding otherwise.

The Hospital contends that the Blacks' claims must be dismissed. We disagree. The Blacks' reports, though deficient, were timely filed. Although Combs was not qualified to offer an opinion on the causation question, his report addressed the three statutory concerns. The report also fulfilled the two purposes of the statute. It (1) informed the Hospital of the specific conduct complained of and (2) provided a basis for the trial court to conclude the Blacks' claim has merit. "A report by an unqualified expert will sometimes (though not always) reflect a good-faith effort to justify a 30-day extension." *In re Buster*, 275 S.W.3d at 477; *Leland*, 257 S.W.3d at 208. Here, the Combs report represents a good faith effort. Accordingly, we overrule this portion of the Hospital's first issue.

## CONCLUSION

We have declined to address the Hospital's second issue in which it challenges the trial court's jurisdiction. Because we have sustained the Hospital's first issue in part, we *reverse* the order of the trial court and *dismiss with prejudice* the claims against the Texas Department of State Health Services and the State of Texas. We also *dismiss with prejudice* the Blacks' claims that the Hospital (1) refused to allow Travis to sleep in the daytime, (2) refused to prescribe appropriate medication, and (3) was indifferent to Travis's medical needs. Because we have overruled the Hospital's first issue in part, we *remand* the claims to the trial court so that it may consider granting the Blacks a thirty day extension to cure the deficiencies noted.

**BILL BASS**
Justice

Opinion delivered June 23, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

11