# NO. 12-17-00219-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *MICHAEL A. KENNEDY,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

### MEMORANDUM OPINION
### PER CURIAM

Michael A. Kennedy has filed this original proceeding, in which he requests that this Court file his petition as a civil cause, rather than criminal. Relator also seeks recusal of this Court from a civil proceeding that he contends he has filed in Anderson County. We deny the petition.

As is the case with Relator's previous petitions for writ of mandamus, he has not provided the "clear and concise argument" and "appropriate citations to authorities" required by Texas Rule of Appellate Procedure 52.3(h). *See* TEX. R. APP. P. 52.3(h). Nor has he provided this Court with the necessary documents required by the rules of appellate procedure. *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1).

Additionally, the applicable rules governing recusal apply to judges in which the case is pending. *See* TEX. R. APP. P. 16.3. Relator filed a notice of appeal, separate from this original proceeding, that purportedly relates to a civil lawsuit. However, an appeal is not perfected until a proper notice of appeal is filed. *See* TEX. R. APP. P. 25.1(a). As of the date of this opinion, Relator has not filed a proper notice of appeal; thus, appeal has not been perfected. Particularly, Relator has not furnished this Court with any information showing that he has filed a civil lawsuit or that a final judgment or appealable order has been signed in such lawsuit. *See* TEX. R. APP. P. 25.1(d), 52.3(k)(1)(A), 52.7(a)(1). Absent a final judgment or appealable order, this Court has no jurisdiction over an appeal from a civil lawsuit. *See **Lehmann v. Har-Con Corp.**,* 39

S.W.3d 191, 195 (Tex. 2001); *see also **Rusk State Hosp. v. Black***, 379 S.W.3d 283, 287 (Tex. App.—Tyler 2010), *aff'd by* 392 S.W.3d 88 (Tex. 2012). Moreover, Relator's complaints arise from events that he contends occurred during his criminal case. For example, Relator attached to his petition a copy of an application for writ of habeas corpus in the court of criminal appeals, which he also filed with the trial court.[1] There is no appeal from the civil lawsuit properly pending before this Court, such that this proceeding could be deemed civil.

Relator also complains that he has been denied the right to appeal, the right to file petitions for mandamus, and the right to other relief. Yet, his criminal case was handled on appeal and is no longer pending either in the trial court or this Court. *See **Kennedy v. State***, No. 12–11–00041–CR, 2012 WL 3201924, at *8 (Tex. App.–Tyler Aug. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming judgment on punishment); *see also **Kennedy v. State***, No. 12–08–00246–CR, 2009 WL 4829989, at *3–4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication) (affirming judgment of conviction). Additionally, Relator has filed numerous petitions for writ of mandamus with this Court. These petitions include, to name only a few, ***In re Kennedy***, 12-17-00177-CR, 2017 WL 2464692 (Tex. App.—Tyler June 7, 2017, orig. proceeding), ***In re Kennedy***, 12-17-00162-CR, 2017 WL 2351354 (Tex. App.—Tyler May 31, 2017, orig. proceeding), ***In re Kennedy***, 12-17-00123-CR, 2017 WL 1534040 (Tex. App.—Tyler April 28, 2017, orig. proceeding), and ***In re Kennedy***, 12-17-00035-CR, 2017 WL 361195 (Tex. App.—Tyler Jan. 25, 2017, orig. proceeding).

---

[1] Courts of appeals do not have authority to issue writs of mandamus regarding complaints that may only be raised by a post-conviction habeas corpus proceeding. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also **In re McAfee***, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." ***In re Briscoe***, 230 S.W.3d 196, 196-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). On February 15, 2017, the Texas Court of Criminal Appeals issued an abuse of writ order against Relator, in which it found that he (1) filed seven applications regarding his conviction, (2) "continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications[,]" and (3) "[b]ecause of his repetitive claims, … Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ." ***Ex Parte Kennedy***, No. WR-75,385-24 (Tex. Crim. App. Feb. 15, 2017). Relator has continued, unsuccessfully, to seek relief in the court of criminal appeals. *See **Ex Parte Kennedy***, No. WR-75,385-26 (Tex. Crim. App. April 12, 2017) (denying motion for leave to file application for writ of habeas corpus); *see also **Ex Parte Kennedy***, No. WR-75,385-31 (Tex. Crim. App. June 16, 2017) (dismissing application for writ of habeas corpus); ***Ex Parte Kennedy***, No. WR-75,385-32 (Tex. Crim. App. July 5, 2017) (denying application to recuse court of criminal appeals justices).

Accordingly, for the above reasons, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-17-00219-CR**

### IN RE: MICHAEL A. KENNEDY, RELATOR

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael A. Kennedy. Said petition for writ of mandamus having been filed herein on July 13, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*