**Opinion issued January 20, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00565-CV

———————————

**MANSION PARTNERS, LTD., Appellant**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-68491**

---

## MEMORANDUM OPINION

This is an appeal from an order granting a plea to the jurisdiction in a suit challenging property tax appraisals in tax years 2018 and 2019. Harris County Appraisal District ("HCAD") appraised real property owned by Mansion Partners, Ltd. After an administrative protest, Mansion Partners amended its petition for

review of the 2018 final appraisal value to include a challenge to the 2019 final appraisal value. HCAD asserted that the amended petition for review was not filed within the statutory 60-day timeframe from the date Mansion Partners received notice of the order determining its administrative protest. The trial court granted the plea to the jurisdiction as to the challenge to the 2019 tax year appraisal. On appeal, Mansion Partners challenges the reliability of HCAD's jurisdictional evidence and the evidence of receipt of the notice. Because HCAD did not provide satisfactory evidence of receipt of the notice, we reverse the trial court's order granting the plea to the jurisdiction and remand for further proceedings consistent with this opinion.

## Background

Mansion Partners owns Deer Park Gardens Apartments in Harris County. Mansion Partners protested the 2018 tax year appraised value of Deer Park Gardens.[1] The appraisal review board ("ARB") lowered the property appraisal from $6,158,663 to $5,990,000 and sent an "Order Determining Protest" to Mansion Partners and "O'Connor & Associates."[2] The order included information about the property owner's right to appeal, which was printed in capital letters on the order and stated, in part:

---

[1]     Deer Park Gardens was associated with account number 0211570000026.

[2]     This unchallenged, undisputed evidence supports an inference that O'Connor & Associates was acting as agent for Mansion Partners.

2

TO APPEAL TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL APPRAISAL REVIEW BOARD ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE.

Mansion Partners filed a petition for review alleging that HCAD's appraisal of Deer Park Gardens was excessive and unequal.[3]

While the petition for review regarding the 2018 tax year was pending, Mansion Partners protested the 2019 tax year appraised value of Deer Park Gardens. In August 2019, the ARB sent notice of the order determining protest to Mansion Partners by electronic service on O'Connor & Associates. This time, the ARB denied the protest, keeping the appraised value of the property at $8,638,519. Although the order was dated "8/12/2019," at the top, it was signed by the chairman of the ARB, beneath the words: "Signed on this 2nd day of August, 2019." About five months later, on January 3, 2020, Mansion Partners amended its petition for review, adding allegations that the 2019 appraisal of Deer Park Gardens was excessive and unequal.

HCAD filed a plea to the jurisdiction alleging that the amendment challenging the 2019 appraisal was untimely because it was not filed within 60 days of receipt

---

[3]     Although the appraisal review board order was dated "7/30/2018" at the top, it was signed by the chairman of the ARB, beneath the words: "Signed on this 20th day of July, 2018." Mansion Partners filed a petition for review of the 2018 order on September 26, 2018. HCAD has not challenged the timeliness of the 2018 petition.

of the notice of the order determining protest, as is required by statute. HCAD attached: (1) the amended petition; (2) a certified copy of the 2019 ARB order; and (3) the August 2, 2019 electronic service receipt showing that HCAD notified O'Connor & Associates of the 2019 ARB order along with 243 other orders.

Mansion Partners responded to the plea to the jurisdiction with argument, but it provided no evidence. Mansion Partners objected that the electronic service record email was hearsay and not a public record under the exception to the hearsay rule. It did not, however, obtain a ruling on this objection. The remainder of its argument was that the discrepancies in dates shown on the 2019 order determining the protest, the electronic service receipt, and in the plea to the jurisdiction made HCAD's evidence unreliable. Therefore, Mansion Partners reasoned, HCAD did not prove an incurable jurisdictional defect. It urged the court to deny the plea to the jurisdiction.

The trial court granted the plea to the jurisdiction as to the claims regarding the 2019 tax year, and Mansion Partners appealed.

**Analysis**

In its sole issue, Mansion Partners argues that the trial court erred by granting HCAD's plea to the jurisdiction. It maintains that the face of the record shows discrepancies in the date of the ARB order and that the electronic service receipt is not satisfactory evidence of receipt of the notice regarding the order determining the protest.

4

## I.    Plea to the jurisdiction

A party may challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *See Nettles v. GTECH Corp.*, 606 S.W.3d 726, 731 (Tex. 2020); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Hous. Copperwood Apts., L.P. v. Harris Cty. Appraisal Dist.*, No. 01-17-00934-CV, 2018 WL 4496248, at *2 (Tex. App.—Houston [1st Dist.] Sept. 20, 2018, no pet.) (mem. op.). We review a trial court's ruling on a plea to the jurisdiction de novo. *Nettles*, 606 S.W.3d at 731.

Initially, the plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). Ordinarily a plea to the jurisdiction challenges the plaintiff's pleadings, asserting that the alleged facts do not affirmatively demonstrate the court's jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Heckman*, 369 S.W.3d at 150.

A plea to the jurisdiction may also challenge the existence of jurisdictional facts, and when it does, the parties may present evidence. *Id.* "In those situations, a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary

judgment motion."[4] *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 635. First, the defendant must produce summary judgment evidence supporting its argument that the trial court lacks jurisdiction. *Id.* If the defendant carries its burden of production, the burden shifts to the plaintiff to demonstrate that there is a disputed issue of material fact regarding jurisdiction. *Id.* "If a fact issue exists, the trial court should deny the plea." *Id.* "But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law." *Id.*

## II. Property Tax Code requirements

### A. Appealing an appraised value

Under the Property Tax Code, "all taxable property is appraised at its market value as of January 1."[5] TEX. TAX CODE § 23.01(a). A property owner is entitled to

---

[4] This refers only to the procedural burden-shifting. In a motion for summary judgment, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). An appeal from a plea to the jurisdiction is different because "[s]ubject matter jurisdiction is never presumed and cannot be waived," *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993), and it may be raised for the first time on appeal. *See id.*; *accord Rusk State Hosp. v. Black*, 379 S.W.3d 283, 288 (Tex. 2010) (subject matter jurisdiction may be raised for the first time on interlocutory appeal). Thus, we may consider all arguments supporting or opposing the existence of subject matter jurisdiction made on appeal, even if made for the first time on appeal. *See Rusk State Hosp.*, 379 S.W.3d at 288; *Tex. Ass'n of Bus.*, 852 S.W.2d at 444; *Ledesma v. City of Hous.*, 623 S.W.3d 840, 843 n.1 (Tex. App.—Houston [1st Dist.] Nov. 24, 2020, pet. denied) (considering argument in favor of jurisdiction that was made for the first time on appeal).

[5] Title 1 of the Texas Tax Code may be cited as the "Property Tax Code." TEX. TAX CODE § 1.01 (Short Title).

protest the appraised value of its property before the local appraisal review board. *Id.* § 41.41(a). The appraisal review board must notify the property owner or its designated agent of the determination of the protest. *Id.* § 41.47; *see id.* §§ 1.07(b), 1.111(f). A property owner may appeal the appraisal review board's determination by filing "a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline." *Id.* §§ 42.01(a), 42.21(a). If a petition for review "is pending when the appraisal review board issues an order in a subsequent year under protest by the same property owner" relating to the "the same property that is involved in the pending appeal," the property owner may file an appeal by amending the original petition for review to include grounds for appeal of the subsequent order. *Id.* §42.21(c). The amended petition must be filed within 60 days of receiving the notice of the appraisal review board's final order regarding the subsequent year's protest. *Id.*

Timely filing of the petition for review is jurisdictional. *Appraisal Review Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986) (per curiam); *Hous. Copperwood Apts.*, 2018 WL 4496248, at *2 ("If the property owner fails to timely file the petition, the trial court lacks jurisdiction to hear the appeal."); *see* TEX. TAX CODE § 42.21(a) ("Failure to timely file a petition bars any appeal under this chapter.").

7

## B. Form of notice required

The Property Tax Code specifies the manner in which notices must be sent to property owners or their agents.[6] *See* TEX. TAX CODE § 1.07 (Delivery of Notice); *id.* § 1.111 (Representation of Property Owner).

> (a) An official or agency required by this title to deliver a notice to a property owner may deliver the notice by regular first-class mail, with postage prepaid, unless this section or another provision of this title requires or authorizes a different method of delivery or the parties agree that the notice must be delivered as provided by Section 1.085 or 1.086.

*Id.* § 1.07(a).[7] Sections 1.085 and 1.086 concern electronic communication and delivery of notices by email. *Id.* §§ 1.085, 1.086 (regarding email delivery to residential property owners who occupy the property as their principal residence). Section 1.085 provides:

> Notwithstanding any other provision in this title and except as provided by this section, any notice . . . that is required or permitted by this title to be delivered between a chief appraiser, an appraisal district, an appraisal review board, or any combination of those persons and a property owner or [agent of a property owner] *may be delivered in an electronic format if the chief appraiser and the property owner* [or agent] *agree under this section*.

---

[6] The only reference in the Property Tax Code to service of a notice in accordance with Rule 21a of the Texas Rules of Civil Procedure, which provides for electronic filing, appears in section 33.912, which concerns notices of seizure of property to satisfy tax delinquencies. *See* TEX. TAX CODE § 33.912; TEX. R. CIV. P. 21a.

[7] Section 1.086, specifying requisites of delivery of certain notices by email, was added in 2019, and it became effective on January 1, 2020. At that time, section 1.07(a) was also amended to include "or 1.086" at the end of the sentence. Section 1.086 does not apply to this case, and we have not relied on it in any way.

*Id.* § 1.085(a) (emphasis added). An agreement regarding electronic communication must be in writing or electronic format, be signed by the chief appraiser and property owner or agent, and include information required by the statute regarding the type, medium, and security of electronic communications. *Id.* § 1.085(b).

## III. HCAD did not conclusively prove receipt of the notice of the order determining the 2019 protest.

Mansion Partners argues that HCAD failed to carry its burden to prove an incurable jurisdictional defect. It is undisputed that the amended petition was filed on January 3, 2020, which is more than 60 days after both dates in the ARB's 2019 order—August 2, 2019 and August 12, 2019.[8] On appeal, Mansion Partners argues that "there is not proof in the record of an agreement for E-Service between HCAD and Mansion Partners' administrative tax agent, O'Connor."[9] We agree.

To prevail on its plea to the jurisdiction, HCAD had to prove that Mansion Partners received notice that a final order had been entered more than 60 days before filing its amended petition. *See Fort Bend Cent. Appraisal Dist. v. Am. Furniture Warehouse Co.*, No. 01-20-00396-CV, 2021 WL 2231245, at *4 (Tex. App.— Houston [1st Dist.] June 3, 2021, no pet.) (mem. op.); *see also* TEX. TAX CODE 42.21(a). HCAD's evidence of delivery was its electronic service receipt showing

---

[8]   January 3, 2020 is 154 days after August 2, 2019 and 144 days after August 12, 2019.

[9]   This argument was not made in the trial court.

9

that it electronically sent a notice regarding the 2019 appraisal review board order to an O'Connor & Associates email address. But it did not provide evidence that Mansion Partners or its agent had an agreement regarding electronic communication as required by section 1.085. *See* TEX. TAX CODE § 1.085(a), (b). *Cf. Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 47 (Tex. 2018) (noting that Property Tax Code requires agreements to communicate electronically to be in writing and signed). Absent such an agreement, HCAD was required to send the notice by mail. *See* TEX. TAX CODE § 1.07(a). Under the Property Tax Code, a notice sent by first-class mail is "presumed delivered when it is deposited in the mail." *Id.* § 1.07(c). HCAD did not provide any evidence that the notice required by section 42.21 was deposited in the mail. *See id.*; *Fort Bend Cent. Appraisal Dist.* 2021 WL 2231245 at *4–8 (addressing evidence needed to raise presumption of delivery such as proof of sufficient postage, type of mail service used, how notice placed in the mail, current address used, and notice not returned). Because HCAD did not produce evidence that Mansion Partners or its agent agreed to electronic communication or evidence raising a presumption of delivery by mail, we conclude that HCAD did not prove when notice of the ARB order was received by Mansion Partners. We therefore conclude that HCAD did not prove that the amended petition

was not timely filed. Accordingly, we hold that the trial court erred by granting the plea to the jurisdiction.[10]

## Conclusion

We dismiss all pending motions as moot. We reverse the order of the trial court granting the plea to the jurisdiction and dismissing claims pertaining to tax year 2019. We remand to the trial court for further proceedings consistent with this opinion.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Farris.

---

[10] Because this case will be remanded, and in the interest of judicial efficiency, we note that Mansion Partners's argument that it had no obligation to plead facts sufficient to demonstrate jurisdiction is erroneous. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). The amended petition in this case includes a conclusory statement regarding jurisdiction, and it states that the 2019 Order Determining Protest was or is subject to an administrative motion seeking its re-issuance. While these statements do not negate jurisdiction, when the factual allegations in the amended petition do not affirmatively establish jurisdiction, the plaintiff should be afforded an opportunity to replead. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) ("In any event, the right to amend typically arises when the pleadings fail to allege enough jurisdictional facts to demonstrate the trial court's jurisdiction."); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) ("A plaintiff has a right to amend her pleadings to attempt to cure pleading defects if she has not alleged enough jurisdictional facts.").